---

(No. 13600.—Reversed and remanded.)
THE PEOPLE *ex rel.* E. G. Williamson, County Collector, Appellee, *vs.* J. E. Noyes *et al.* Appellants.

*Opinion filed December 21, 1920.*

1. TAXES—*statutes for levying taxes must be strictly construed.* As the power to tax is the highest function of government, statutes authorizing the levying and collecting of taxes must be construed strictly.

2. SAME—*requirement for three certificates of levy in township high school district lying in three counties must be complied with.* For a valid levy of taxes in a township high school district lying in three counties the statutory requirement for three certificates of levy, one to be filed with each of the county clerks, must be complied with, as the making and filing of the certificate of levy for such taxes constitute the levy of the tax.

3. SAME—*taxes in high school district must be uniform.* Under section 9 of article 9 of the constitution all taxes must be uniform throughout the entire taxing district levying the tax, and where a township high school district lies in three counties an invalid levy in one or two counties will render the levy invalid for the entire district.

APPEAL from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding.

HORACE R. BROWN, for appellants.

JOHN W. FLING, JR., State's Attorney, (J. H. REN-NICK, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes by appeal from the county court of Stark county to review a judgment of that court overruling the objection of appellants to a special tax levied for building purposes by the board of education of Township High School District No. 69, lying in the counties of Bureau, Marshall and Stark.

Various objections are offered to this tax. Under the view we take of this case, however, it becomes necessary to consider but one of them.

It is objected that the board of education failed to file with the township treasurer having custody of the funds of said district three certificates of levy, one to be filed by said treasurer with the county clerk of each of the three counties in which the high school district lies. Section 191 of the School law provides that when a district lies partly in two or more counties, the officials charged with the duty of levying the tax shall determine, as near as practicable, the amount to be raised by special tax for educational and building purposes, and shall prepare a certificate for each county in which such district may lie, and deliver the certificates to the township treasurer who receives the tax money for such district, who shall return a certificate to each of the county clerks of the counties in which a part of said district is situated. The evidence in this case shows that but one certificate of levy was made; that this was filed with the township treasurer who was to receive the funds for the township high school district and by him returned to the county clerk of Stark county. It does not appear whether or not such certificate was filed with the county clerk of Marshall county, but it does appear that no such certificate was filed with the county clerk of Bureau county. The making and filing of the certificate of levy

as provided by the statute is itself the levy of the tax. (*Lawrence* v. *Traner,* 136 Ill. 474; *St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 177 id. 78; *Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 195 id. 423.) The power to tax is the highest function of government. The statutes authorizing the levying and collecting of taxes must be construed strictly. In order to constitute a valid levy of the tax within this township high school district the statute requires three certificates and the filing of one with each of the county clerks of the three counties in which the high school district lies.

It is urged by appellee that though this objection might be good as to the tax levied in counties in which no certificate of levy had been filed with the county clerk, since the certificate of levy was filed with the county clerk of Stark county such objection cannot be availed of as to the taxes levied within Stark county. The taxes in this instance were levied by the high school district. By the provisions of section 9 of article 9 of the constitution all taxes shall be uniform throughout the entire taxing district levying the tax. Taxing officials have no power to levy a tax on a part, only, of their taxing district. Therefore, in order that the taxes of this high school district may be valid in Stark county there must likewise be a valid levy in both Bureau and Marshall counties. To hold otherwise would be to hold the tax valid in part of the taxing district and invalid in other parts thereof, resulting in a want of that uniformity of taxation throughout the entire district required by the constitution.

The county court erred in not sustaining the objection of the appellants to the item of tax in question here. For this error the judgment of that court is reversed and the cause remanded, with directions to sustain the objection of appellants.

*Reversed and remanded, with directions.*