(No. 14182.—Judgment affirmed.)

THE PEOPLE *ex rel.* Willis D. Marshall, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed February 22, 1922.*

1. TAXES—*certificate of school tax levy does not constitute the levy.* It is the action of the board of education in ascertaining the amount necessary to be raised by special tax for educational and building purposes for the ensuing year in a high school district which constitutes the levy of the tax, and the certificate of the tax levy is merely evidence of such action, upon which the county clerk is authorized to act in the extension of the tax. (Contrary expression in *People* v. *Noyes,* 295 Ill. 355, overruled.)

2. SAME—*when tax in high school district lying in two counties does not lack uniformity.* Where a community high school district lies in two counties, the fact that the county clerk in one of the counties extends a tax properly levied by the board of education in both counties without first requiring a certificate of tax levy to be filed with him does not give the tax-payers in that part of the district lying in the other county the right to object to the tax upon the ground that it was not uniformly levied throughout the district, the tax as levied being actually extended by the clerks of both counties against all the property of the taxing district.

APPEAL from the County Court of Warren county; the Hon. C. M. HUEY, Judge, presiding.

J. A. CONNELL, and GRIER, SAFFORD & SOULE, for appellant.

CHARLES E. LAUDER, State's Attorney, and L. E. MURPHY, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Community High School District No. 215, situated in the counties of Warren and Mercer, was organized in January, 1920, under the act of 1917. The board of education ascertained the amount of money necessary to be raised by special tax for educational and for building purposes for the ensuing school year and certified and returned the amounts so levied to the township treasurer who receives the tax money for said district. Section 191 of the School law provides that when a district lies in two counties the board of education shall prepare a certificate of tax levy for each county in which the district lies and deliver the certificates to the township treasurer who receives the tax money of such district, and he shall in turn file a certificate with the county clerk of each of the counties in which a part of such district is situated. In the instant case a certificate of tax levy was filed with the county clerk of Warren county but no certificate was filed with the county clerk of Mercer county. Each of the county clerks ascertained the total equalized valuation of all the taxable property in that part of such district that lay in his county and certified the amount thereof to the county clerk of the other county. From the aggregate of such equalized valuation and from the certificate of the amount so required to be levied each clerk ascertained the rate of per cent required to produce in such district the amount of such levy, as required by section 191 of the School act, and at that rate extended the special tax to be levied for educational and building purposes in that part of such district lying in his

county. The appellant filed objection to the tax extended against its property which lay in that part of the district in Warren county, on the ground, among others, that the tax extended in Warren county was void for the reason that the tax in the district lacked uniformity because the tax in Mercer county was extended by the county clerk without authority. The objection was overruled and judgment was entered in the county court of Warren county against the lands of appellant, and it has appealed.

The State's attorney says in his brief : "The only question involved in this appeal is whether or not the legislature had the authority to validate a tax levy which was uniform throughout the district, made in the manner that this appears to have been made, and whether or not the legislature did by the act of May 10, 1921, validate such tax." The validity of the organization of the district in question is not and could not be questioned in this proceeding, and the act approved May 10, 1921, being "An act to legalize the organization of certain high school districts," (Laws of 1921, p. 797,) has no application whatever to the question here presented. We might properly reverse this judgment on this admission of counsel for appellee, but the importance of the question to the public interests requires a decision on the merits.

Appellant relies upon our decision in *People* v. *Noyes,* 295 Ill. 355. There the district in question lay in three counties, and the certificate of tax levy was filed with the county clerk of Stark county but no certificate was filed with the county clerk of Bureau county and it does not appear whether a certificate was filed with the county clerk of Marshall county. There is nothing in that case to show that the tax was actually extended against all the property in the district, and the decision is based on the proposition that taxing officials have no power to levy a tax on a part, only, of their taxing district, in violation of section 9 of article 9 of the constitution. Assuming that the taxes were

not actually extended against the property in that part of the district lying in the counties of Marshall and Bureau, the case is clearly distinguishable from the case at bar. Following decisions rendered prior to the general revision of the School law in 1909, we erroneously held in *People* v. *Noyes, supra,* that the making and filing of the certificate of tax levy is itself the levy of the tax. It is the action of the board of education which levies the tax, and the certificate of the tax levy is merely evidence of such action upon which the county clerk is authorized to act in the extension of the tax. *People* v. *Cox,* (*ante,* p. 130.)

It is stipulated that the board of education of Community High School District No. 215 met and ascertained the amount of money necessary to be raised by special tax for educational and building purposes for the next ensuing year, and that the president and secretary of the board prepared and signed the certificate of tax levy in legal form and returned the same to the township treasurer, who subsequently returned the certificate to the county clerk of Warren county. Since by its action the board of education actually levied a tax on all the property of its taxing district, and since the tax so levied was actually extended by the county clerks of Warren and Mercer counties against all the property of the taxing district, there was no lack of uniformity of taxation. The irregular act of the county clerk of Mercer county in extending the tax without first requiring the certificate of tax levy to be returned to him is not an objection that can be urged by tax-payers of Warren county. The tax levied and extended was uniform throughout the entire taxing district, and inasmuch as the only objection to the validity of the tax argued in the brief of appellant is lack of uniformity, we hold that the objection was properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*