Jennet Bridge & Iron Wks. v. Churchill, 182 Ill. App. 548.

## Abstract of the Decision.

1. BROKERS, § 43*—*when entitled to commissions.* An agent employed by owner to sell real estate is entitled to commissions when he is instrumental in bringing the owner and buyer together and the owner concludes the sale at a less price than that at which it is listed with the agent.

2. BROKERS, § 38*—*when agent is procuring cause of sale.* Agent is entitled to his commission when the purchaser was induced to apply to the owner through the instrumentality of the agent or through or by means employed by the agent.

3. BROKERS, § 97*—*when instruction on right to commissions improper.* Instruction to jury to find for owner unless they believe from the evidence that the agent had established by a preponderance of the evidence that agent named terms to the purchaser who was ready, willing and able to accept, *held* improper.

4. BROKERS, § 98*—*when instruction erroneous as not applicable to the evidence.* Instruction directing a verdict for owner unless the jury believe from the evidence that agent was prevented from bringing about a consummation of the sale by fraud, etc., *held* bad when no attempt is made to apply it to the evidence.

---

## Jennet Bridge & Iron Works, Appellee, v. E. P. Churchill et al. Charles J. Off, Appellant.

### Gen. No. 5,803.

1. APPEAL AND ERROR, § 866*—*what abstract must contain.* Where objections and exceptions to a master's report are not in the abstract, error cannot be assigned.

2. EQUITY, § 435*—*what is proper form of objections to a master's report.* Objections and exceptions to a master's report must be specific.

3. STIPULATIONS, § 18*—*what is effect of a stipulation.* Where it was stipulated in a case that the real estate involved was mortgaged by a trust deed and the decree rendered was subject to such trust deed, the failure to make the trustee a party to the case could not affect the rights of a defendant or be available on appeal.

4. APPEAL AND ERROR, § 409*—*when objection as to nonjoinder of parties will not be considered.* Where real estate involved in a case was subject to a trust deed but no question was raised by plea, answer or demurrer to the nonjoinder of the trustee as a party, the question would not be considered on appeal.

*See *Illinois Notes Digest,* Vols. XI to XIV, same topic and section number.

5. MECHANICS' LIENS, § 84*—*when statute is complied with.* Lien statute of 1903, § 21, J. & A. ¶ 7159, as to claims for liens, *held* to be complied with where certain contractors filed claims within four months.

6. MECHANICS' LIENS, § 17*—*when lien is allowed.* While items for wheelbarrows, a telegram and protest fees cannot be made the subject of lien under the Mechanics' Lien Act, the allowance of such items will not be considered on appeal where no objection was made to a master's report, the error being thereby waived.

7. APPEAL AND ERROR, § 1575*—*when trifling error is ignored.* An improper allowance of certain items in a large decree may be ignored under the maxim *de minimis non curat lex.*

Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

GEORGE J. JOCHEM, for appellant.

COVEY, CAMPBELL & COVEY, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

This is an appeal from a decree for a mechanic's lien in a certain petition or cause under the statute in which the appellee was petitioner and Charles J. Off appellant, E. P. Churchill, E. C. Burroughs, Walter F. Benson, George K. Spoor, Sidney Lovell and Margaret Off were defendants. Benson filed an answer and intervening petition and Charles J. Off, Margaret Off and Lovell filed answers, and replications were filed to all of the answers, and Spoor, Churchill and Burroughs were defaulted. The cause was referred to the master to take proofs and report his conclusions of law and fact, and he made his report of proofs and conclusions on January 16, 1913, which was approved by decree entered on January 25, 1913, finding and decreeing concurrent liens in favor of appellee for $5,654.43 with legal interest from April 27, 1911; in favor of said Lovell for $1,771, and in favor of said Benson for $6,753.89, with legal interest from

December 10, 1910, and directing that the real estate described in the decree be sold subject to a trust deed given by said Charles J. Off to Walter S. Horton as trustee, to secure the sum of $38,000 and interest from February 1, 1912, to satisfy said liens, and from that decree Charles J. Off alone has taken this appeal.

It appears from recitals in this decree and from a mere reference thereto in the abstract of the record that objections to the master's report and exceptions thereto were filed, but they are not in the abstract, so that really there is nothing before this court on which error could be assigned. *Cahill v. Printy,* 138 Ill. App. 600, and cases therein cited.

An examination of the record fails to disclose any specific objections or exceptions to said report. Objections and exceptions must be specific. *Springer v. Kroeschell,* 161 Ill. p. 370 of the opinion.

Notwithstanding the noncompliance with the rules of court, we will somewhat briefly note the merits of the case. It appears that appellant was the owner in fee of the real estate in question and that he had prior to any negotiations with Churchill and Burroughs mortgaged the same for purchase money by the trust deed referred to in said decree. Appellee and appellant and others through their solicitors by stipulation filed in this case so agreed prior to the entry of said decree. Said decree provides for the sale of said real estate subject to said trust deed, so that the failure to make the trustee therein a party to this case cannot effect his rights and would be of no avail to the appellant on the hearing of this appeal. All that could have been accomplished by making the trustee a party was done by the stipulation. Bidders at the sale under the decree were sufficiently advised by the decree itself just what the interest of the trustee was. No question was raised by plea, answer or demurrer of the nonjoinder of the trustee and the point cannot be made here.

An objection of nonjoinder of parties if not made

by demurrer, plea or answer will not be considered when raised in a court of review where it does not appear that the judgment or decree has the effect of depriving the omitted parties of their rights. *Pease v. Chicago Crayon Co.*, 235 Ill. 391.

It further appears from the evidence that Churchill and Burroughs held said real estate under a verbal lease and contract which was intended by the parties thereto to be put in writing, but which had never been signed, and the master in substance reported and the decree found that Churchill and Burroughs occupied said real estate as tenants of appellant, and that appellee with the knowledge, consent and permission of appellant furnished a large amount of structural iron and steel by virtue of a contract with said Churchill and Burroughs which was knowingly permitted by appellant to be used in the construction of a theater building on said real estate, and that the balance due said appellee therefor is $5,654.43, and legal interest on the same from April 27, 1911; that said Lovell with like knowledge, consent and permission of appellant, furnished the plans and specifications that were used in the construction of said theater building pursuant to a contract with said Churchill and Burroughs therefor, by which he was to receive three and one-half per cent. of the estimated cost of said theater building, and that said Lovell furnished to appellant plans and specifications for a further improvement on said real estate consisting of a store and office building addition to said theater building, and that there was due to him for said last mentioned plans and specifications $250, and that he was also entitled to one and one-half per cent. for the superintendence of said building, amounting to $391, and that payments had been made thereon of $600, leaving a balance due him of $1,771; that said Benson with the like knowledge, consent and permission of appellant made a ten per cent. contract with Churchill and Burroughs to erect said theater building, and also to contract for and furnish labor and

material for the same, and that he furnished the labor and materials therefor, and that the total amount due him therefor under said contract was $17,389.50, and that under his ten per cent. contract he was entitled to $1,738.95, and that the total amount due him was $6,753.89, with legal interest thereon from December 10, 1910.

Under the evidence we find that Churchill and Burroughs entered into contracts with appellee, said Benson, and Lovell to have erected for them as owners of the interest which a verbal lease from appellant vested in them of the real estate of which appellant was the owner in fee. They in no sense proceeded with the erection of the building as contractors for appellant and therefore neither appellee, said Benson, nor said Lovell was a subcontractor, but each was an original contractor and did separate parts of the work on said theater building. It is true that neither appellee, said Benson, or said Lovell commenced any suit to establish any lien within four months after the completion of the work, or the final delivery of the materials therefor. The building, for some reason not stated, seems never to have been completed. It is apparent it was not the fault of anyone or more of the persons who obtained a decree for a lien.

The law does not require either the commencement of proceedings to establish a lien or the filing of any statement for lien unless the person desiring to establish a lien desires to do so as against some other creditor, incumbrancer or purchaser, and if he wishes to foreclose such third parties rights he must either commence proceedings, or file the statutory claim for lien, within said four months. (Section 21 of Lien Statute of 1903.) It appears however that claims for liens were filed by appellee, said Benson, and said Lovell within said four months, and we cannot see why they are not all in compliance with said section 21 of said Lien Statute.

Appellant is not in a position to raise any question

as to the authority of Benson to purchase materials for said building. As we view the case that was a matter wholly between said Benson, Churchill and Burroughs.

As to the point made that a lien is created for wheelbarrows, a telegram and protest fees, it is true those items cannot be made the subject of lien under the statute, yet, no point was made as to those three items in the objections and exceptions to the master's report, and such point was therefore waived, and again payments were made on said Benson's bill of much more than enough to cover those items. Those items amounted to so very little in a large decree that on appeal they ought to be ignored anyway under the maxim of *de minimis non curat lex*. For the reasons indicated, the decree of the trial court is affirmed.

*Decree affirmed.*