(No. 23710.—)

THE PEOPLE *ex rel.* Lloyd Oller, County Collector, Appellee, *vs.* THE CAIRO AND THEBES RAILROAD COMPANY, Appellant.

*Opinion filed October 27, 1936.*

JOSIAH WHITNEL, and REED GREEN, for appellant.

M. J. O'SHEA, State's Attorney, and WILLIAM S. DEWEY, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

The sole issue involved in this appeal from a judgment of the county court of Alexander county is whether a tax levy of thirty-three cents levied by road district No. 1 of that county for road and bridge purposes is lawful, or whether the maximum rate which it could levy for that purpose is twenty and one-third cents. The facts are undisputed.

Road district No. 1 was organized under the provisions of section 41 of the Roads and Bridges act, applying to road districts in counties not under township organization, (State Bar Stat. 1935, chap. 121, p. 2728,) and its boundaries are coëxtensive with the city limits of Cairo. Under the provisions of section 41 the city council of the city of Cairo was vested with the powers of highway commissioner in the district, and, acting as such, made a levy for road and bridge purposes for the year 1934, and thereby authorized the extension of a rate of thirty-three cents on each $100 of assessed valuation of property within the district. Upon application of the sheriff and *ex-officio* collector for judgment against the appellant's property, the appellant filed objections to the whole of the tax produced by the rate of thirty-three cents. However, on the trial it conceded as valid the amount of tax produced by the rate of twenty and one-third cents but contended that was the limit of the rate which lawfully could be extended for road and bridge purposes of the district. The trial court overruled the appellant's objections and entered judgment for the full amount of the tax.

In seeking the answer to the question here for review we must bear in mind that statutes authorizing the levying and collecting of taxes must be construed strictly, (*People v. Noyes,* 295 Ill. 355,) and, in determining the meaning of a grant of power to levy taxes, rigid construction will be given to that which is relied upon to confer the power but

the solution will be liberal in all that tends to protect the tax-payer. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180.

The appellee, in his argument in support of the validity of the tax rate of thirty-three cents, relies largely upon the language of section 41 and of section 56 of the Roads and Bridges act. (State Bar Stat. 1935, chap. 121, p. 2734.) The portion of section 41 so far as material here is: "All the powers vested in a road district organized out of the territory embraced within any city * * * of not less than three thousand as hereinabove provided, including all the powers vested by law in the highway commissioner of such road district, shall be vested in and exercised by the city council, * * * including the power to levy a tax for the proper construction, maintenance and repair of roads and bridges in such district as provided in section 56 of subdivision 3 of this article."

Section 56 of the Roads and Bridges act, so far as pertinent, is: "At a regular meeting to be held on the first Tuesday in September the board of highway commissioners in each * * * road district shall annually determine and certify to the * * * board of county commissioners the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in such * * * road district. Such certificate shall be filed in the office of the county clerk, and by that official presented to the county board at the regular September meeting for their consideration. The amount so certified if approved by the county board, or such part thereof as the said board shall approve shall be extended by the county clerk as taxes against the taxable property of such * * * district: *Provided, however,* that the county clerk shall not extend against the taxable property of any road district, a rate in excess of thirty-three (33) cents on each one hundred dollars valuation of the taxable property of the district. * * * If the amount of taxes, in any case, ap-

proved by the county board shall be in excess of the amount which may be extended the clerk shall reduce the amount so that the rate extended shall be no greater than authorized by this section."

The appellee urges that that part of section 41 giving the city council the power to levy a tax for the "construction, maintenance and repair of roads and bridges in such district as provided in section 56," etc., necessarily and conclusively confers on the council acting as commissioner of highways the power to levy a tax not exceeding thirty-three cents per $100 valuation, as set forth in section 56. In opposition to this view the appellant calls attention to paragraph 1033 of the Cities and Villages act, being an act relating to a street and bridge tax, (State Bar. Stat. 1935, p. 719,) wherein it is provided: "That the city council of each city and board of trustees of each village or incorporated town, whether organized under the general law or special charter, which include wholly within their corporate limits a town or towns, or road district, shall have power and may annually levy a tax for street and bridge purposes of not to exceed twelve (12) cents on each one hundred dollars on all the taxable property in any township or road district, lying wholly within the limits of such city, village or incorporated town: *Provided,* that if in the opinion of three-fourths of the members elected to the city council or board of trustees of such city, village or incorporated town a greater levy for bridge and street purposes is needed an additional levy may be made of any sum not exceeding eight and one-third (8⅓) cents on the one hundred dollars of such taxable property," etc.

The appellant asserts that this statute is controlling and grants authority to the city council, under the language thereof, to levy a tax for street and bridge purposes but expressly restricts such levy to an aggregate of no more than twenty and one-third cents, and says that portion of section 41 of the Roads and Bridges act, "to levy a tax

* * * as provided in section 56," etc., does not constitute a specific grant of power to levy a tax up to the limit of thirty-three cents, but, on the contrary, merely expresses a legislative intent that the city council, in making the levy, shall be governed by section 56 only in so far as provision is therein made for the methods of procedure by which road district No. 1, and like districts, could, and should, proceed to levy taxes. It is apparent that if the construction of section 41, in its reference to section 56, is as contended by appellee, paragraph 1033 of the Cities and Villages act must be held to have no application here. Paragraph 1033, however, is a specific enactment clearly pertinent to the facts in this case. The undisputed rule is that specific statutory provisions control as against general provisions on the same subject, appearing either in the same act or in other acts. (*Robbins* v. *Lincoln Park Comrs.* 332 Ill. 571.) Sections 41 and 56 of the Roads and Bridges act are *in pari materia* with paragraph 1033 of the Cities and Villages act, and therefore must be construed together. (*People* v. *Wallace,* 291 Ill. 465.) Paragraph 1033 is clear, specific and unambiguous in its application to the rate of tax that may be levied for street and bridge purposes by road districts lying wholly within the corporate limits of a city, village or incorporated town. It does not, however, supply the details of procedure to be followed in making the levy. The required steps are supplied by section 56. The reference to that section in section 41 was obviously intended by the legislature to serve the highway commissioner as a guide in the method to be followed in making the levy authorized by paragraph 1033 and was not a grant of power to levy a tax based on a rate greater than that specifically fixed and limited by paragraph 1033. This explanation of these several enactments gives a reasonable effect to each and conforms to a workable plan. Any other interpretation would necessitate the rejection of the provisions of paragraph 1033 as being meaningless. (*People* v.

*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*
349 Ill. 476.) It was never intended that a road district
of this kind should be empowered to levy a tax for road
and bridge purposes and another tax for street and bridge
purposes. The word "street" was used in its popular sense,
as designating a way for public travel within a city, vil-
lage or incorporated town, as distinguished from the word
"road," commonly used in the sense of a public highway
without the limits of such incorporated municipality.

The county court was in error in not sustaining the ap-
pellant's objections to the extent of the excess tax levied
above twenty and one-third cents on the $100.

The judgment of the county court of Alexander county
is reversed and the cause remanded to that court, with di-
rections to enter judgment in accordance with the views
herein expressed.

*Reversed and remanded, with directions.*