WALDBILLIG WOODWORKING, INC., Plaintiff-Appellant, *v.* KING ARTHUR'S NORTH, LTD., *et al.*, Defendants-Appellees.—(THE DIRSMITH GROUP, INC., Intervening Plaintiff-Appellant.)

First District (2nd Division)    No. 80-3087

Opinion filed February 9, 1982.

Ira Gould, of Holleb & Coff, Ltd., of Chicago, for appellants.

Andrew Cardaras, of Cardaras & Zagone, of Chicago, for appellee Bank of Ravenswood.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is a mechanic's lien action. The trial court found that plaintiff Waldbillig Woodworking, Inc., and intervening plaintiff the Dirsmith Group, Inc., do not have valid mechanic's liens against the subject property. Wallbillig and Dirsmith appeal from this judgment.

In 1976, King Arthur's North, Ltd., an Illinois corporation, made plans to open a restaurant in Skokie, Illinois. For this purpose, King Arthur's leased space in a building owned by Canteen Corporation. In October

1976, King Arthur's engaged Dirsmith to provide architectural services for the proposed restaurant. In February 1977, King Arthur's entered into a contract with Waldbillig. The latter was to perform the interior remodeling of the building in accord with drawings provided by Dirsmith. Waldbillig completed the work in May 1977. Dirsmith's responsibilities also ended at this time. For its work under the contract and for some additional work, Waldbillig was due $95,601.64. Dirsmith charged $25,667.82 for its services. Waldbillig has received only $42,177.13 in payment; Dirsmith has received $9,719.96.

In February 1978, Waldbillig filed its claim for a mechanic's lien in the office of the Cook County recorder of deeds. In April 1978, Waldbillig filed this action to foreclose the lien. Waldbillig also filed at that time a notice of *lis pendens*. Waldbillig's suit joined King Arthur's and Canteen Corporation. The latter was joined on the theory that Canteen was the owner of the premises and knowingly permitted the remodeling work to be done. The statute relating to mechanic's liens allows a lien to attach to real property when the owner of the property has knowingly permitted another to contract for improvements to the property. See Ill. Rev. Stat. 1977, ch. 82, par. 1.

In June 1978, Dirsmith filed its claim for a mechanic's lien. By this time, King Arthur's was insolvent and had filed a petition in bankruptcy. In January 1979, Dirsmith was granted leave to intervene in Waldbillig's suit as a party plaintiff. In June 1979, while the cause was pending in the trial court, Canteen sold the subject premises to the Bank of Ravenswood as trustee under a trust agreement. The bank purchased the property for value and with notice of the mechanic's lien claims. Canteen was thereafter dismissed as a party defendant. Plaintiffs were permitted to amend their complaint and join the bank as defendant. After hearing the evidence, the trial court entered judgment for defendant bank, ruling that Waldbillig and Dirsmith did not have valid mechanic's liens against the property. The court found that the bank was a purchaser of the property and that a purchaser could not be bound by plaintiffs' mechanic's liens as the liens were not filed within four months of completion of the work.

In so ruling, the trial court relied on section 7 of the statute pertaining to mechanic's liens, which provides:

> "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, * * * he shall either bring suit to enforce his lien therefor or shall file in the office of the recorder of deeds of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien." (Ill. Rev. Stat. 1977, ch. 82, par. 7.)

As to the owner of the subject property, the claim for lien may be filed

within two years from the completion of the work. (Ill. Rev. Stat. 1977, ch. 82, par. 7.) A suit to enforce the lien must be brought within two years from the completion of the work. Ill. Rev. Stat. 1977, ch. 82, par. 9.

The essential facts are not in dispute. Waldbillig and Dirsmith filed these liens more than four months, but less than two years, after completion of the work. The bank is a purchaser of the property and was not the owner at the time the work was done. The liens and lawsuit were therefore filed too late to bind the bank. Illinois courts have consistently held that a mechanic's lien is not valid against a creditor, encumbrancer or purchaser unless perfected within the statutory four-month period. See, e.g., *Components, Inc. v. Walter Kassuba Realty Corp.* (1978), 64 Ill. App. 3d 140, 145, 381 N.E.2d 42; *Jennet Bridge & Iron Works v. Churchill* (1913), 182 Ill. App. 548, 552; *Zander Reum Co. v. Congregation B'Nei Moshe* (1911), 159 Ill. App. 371, 372.

Plaintiffs contend, however, that the meaning of section 7 is altered by section 1 of "An Act concerning * * * suits seeking equitable relief involving real property * * *," a provision frequently referred to as the Lis Pendens Act. (See Ill. Rev. Stat. 1977, ch. 110, par. 405, formerly ch. 22, par. 53.) This section states, in part:

> "Every condemnation proceeding, proceeding to sell real estate of decedent to pay debts, or other suit seeking equitable relief, affecting or involving real property shall, from the time of the filing in the office of the recorder of deeds in the county where the real estate is located of a notice signed by any party to the suit or his attorney of record or attorney in fact on his behalf, setting forth the title of the cause, the parties to it, the court where it was brought and a description of the real estate, be constructive notice to every person subsequently acquiring an interest in or lien on the property affected thereby, and every such person * * * shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto." (Ill. Rev. Stat. 1977, ch. 110, par. 405.)

Plaintiffs assert that since the bank purchased the property *pendente lite*, the bank took the property subject to the pending litigation and must be bound by the outcome of the lawsuit as if Canteen had remained a defendant.

Plaintiffs rely on a recent case, *Mutschler Kitchens of Chicago, Inc. v. Wineman* (1981), 95 Ill. App. 3d 728, 420 N.E.2d 672. In *Mutschler*, the lawsuit was filed against the owner of the property more than four months and less than two years from the completion of the work. About three months prior to the filing of suit, a third party (the Browns) signed a contract to purchase the property. The sale was closed, and the Browns took title three days after the lawsuit was filed. The Browns were joined

as defendants in the lawsuit, but neither the complaint nor the supporting affidavits before the trial court adequately specified the Browns' interest in the property. The appellate court held that the Browns were not purchasers as of July 3, 1979 (the date suit was filed), but were purchasers as of July 6, 1979 (the date of the closing), after the *lis pendens* notice had been filed. (*Mutschler Kitchens of Chicago, Inc. v. Wineman* (1981), 95 Ill. App. 3d 728, 733-34.) The appellate court found the four-month filing requirement of section 7 inapplicable. 95 Ill. App. 3d 728, 736.

According to plaintiffs' reading of the *Mutschler* case, a "purchaser *pendente lite*" is not the same as a "purchaser" and only the latter class falls within the four-month rule of section 7. We are not convinced that the *Mutschler* opinion stands for this proposition. If it does, we respectfully disagree. In *VonTobel v. Ostrander* (1895), 158 Ill. 499, 42 N.E. 152, our supreme court held that a party who purchases real property, knowing of a mechanic's lien claim against the property that was filed outside of the applicable period, takes the property unencumbered. (158 Ill. 499, 503; see *In re Bickel* (1922), 301 Ill. 484, 489-90, 134 N.E. 76 (applying the *VonTobel* holding to the current mechanic's lien statute).) The court in *VonTobel* rejected the claim that the time limitation in the mechanic's lien statute applies only to those who have no knowledge of the lien claim. (158 Ill. 499, 503.) As in *VonTobel*, the bank in the instant case purchased the property knowing of the lien claims, but also knowing that they had been untimely filed. The *VonTobel* opinion teaches that a purchaser who knows of a defective claim should not be in a worse position than the purchaser without notice of the same claim.

■■ *Lis pendens* is a common law doctrine, now codified in Illinois, which holds that a person who acquires an interest in property involved in litigation takes the property subject to the outcome of the litigation and the purchaser is bound by the result as if he had been a party from the outset. (See *Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 135-36, 427 N.E.2d 1032.) We note that *even if* the bank had been joined at the outset, the outcome would have been the same: the bank's interest in the property would have been held unlienable because the liens were not filed within four months of the completion of the work. The time fixed for commencing action (either the filing of a lien or the filing of a lawsuit) under the mechanic's lien statute is not merely a statute of limitations. Filing within the four-month period is a condition of liability itself and not just a limitation on the remedy. (See *North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 519, 129 N.E. 273.) It follows that the potential liability of subsequent purchasers perished inchoate four months after plaintiffs completed the work. We cannot accept the proposition that the filing of a lawsuit against a potentially liable party (here, Canteen Corporation) can revive the liability of other parties. We further note that a suit to foreclose a mechanic's lien is not an

action *in rem.* (See *Dunphy v. Riddle* (1877), 86 Ill. 22, 28.) This fact precludes plaintiffs from claiming that the property in question is subject to the outcome of the litigation regardless of ownership.

Plaintiffs argue that the policy underlying the doctrine of *lis pendens* would be frustrated if a property owner defending a suit to foreclose a mechanic's lien could defeat the action by transferring the property. Plaintiffs maintain that the statutes involved (section 7 of the statute relating to mechanic's liens and section 1 of "An Act concerning * * * suits seeking equitable relief involving real property * * *") must be read harmoniously in order to prevent this outcome. The destruction of plaintiffs' liens, however, is not the result of a conflict between the *lis pendens* and mechanic's lien statutes. Rather, the result reached below is a product of a patent and longstanding distinction in the law of mechanic's liens: a lien can be filed against the property owner within two years but subsequent purchasers are bound only if the lien is filed within four months. The prospect of defeating a lien filed beyond the four-month deadline is therefore inherent in the statute. It is for the legislature to decide whether this eventuality accords with public policy.

■■ ■ Moreover, the statute setting forth the filing requirements for mechanic's liens is specific in nature and these specific provisions are controlling as against the more general provisions of section 1 of "An Act concerning * * * suits seeking equitable relief involving real property * * *," which includes mechanic's lien foreclosure suits under the rubric of "other suit[s] seeking equitable relief, affecting or involving real property." (Ill. Rev. Stat. 1979, ch. 110, par. 405; see *People ex rel. Oller v. Cairo & Thebes R.R. Co.* (1936), 364 Ill. 329, 333, 4 N.E.2d 482.) There is another reason for strictly construing the filing requirements of section 7: "mechanics' liens are in derogation of the common law and must, therefore, be strictly construed with reference to all the statutory requirements upon which the right to a lien depends." (*Components, Inc. v. Walter Kassuba Realty Corp.* (1978), 64 Ill. App. 3d 140, 145, 381 N.E.2d 42.) This rule of strict construction applies even though the mechanic's lien statute provides that the act "shall be liberally construed as a remedial act." *North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 519; Ill. Rev. Stat. 1977, ch. 82, par. 39.

In consideration of the foregoing, we find that defendant bank's potential vulnerability to plaintiffs' liens ceased before the liens and lawsuit were filed and defendant's purchase of the property with notice of the *lis pendens* did not revive those liens. The decision below was therefore correct and is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.