THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL BAILEY *et al.*, Defendants-Appellees—(The Department of Corrections, Intervenor-Appellant).

First District (2nd Division)   No. 82—2586

---

Opinion filed June 28, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Leslie J. Rosen, Assistant Attorney General, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Paula Carstensen, and Peter M. Delongis, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Frank P. Madea, Assistant Public Defender, of counsel), for appellees Michael Bailey and Alerich Banks.

JUSTICE HARTMAN delivered the opinion of the court:

This appeal by the Department of Corrections (Department) involves only the propriety of sentences imposed upon two juvenile, criminal defendants, Michael Bailey, 14, and Alerich Banks, 16, who, in two separate and unrelated cases, were tried as adults (Ill. Rev. Stat. 1981, ch. 37, par. 702—7) and found guilty of robbery. Each was given four years' probation conditioned on their serving the first six months in the custody of the Juvenile Division of the Department. Neither defendant appealed his conviction or sentence.

After sentencing, the Department sought leave to file a limited appearance for the sole purpose of vacating the commitment orders, contending that the sentences were contrary to section 5—6—3(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(d)). The circuit court denied the Department's motions, holding that section 5—6—3(d) did not apply to juvenile defendants. This appeal followed. The substantive issue presented for review

is whether juvenile defendants may be placed on probation conditioned on first serving a term of six months or less in the Juvenile Division of the Department. We affirm.

I

■ A. Defendants move to dismiss the appeal, arguing that the circuit court lacked jurisdiction to hear the department-intervenor's motion for leave to file a limited appearance. They contend that although intervention is permitted in civil matters under section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—408), it is barred in criminal controversies. Their contention was not presented to the circuit court, however. The failure of a litigant to object to the decision of the court permitting intervention precludes the raising of the issue for the first time on appeal. (*People v. Rockford Silver Plate Co.* (1944), 388 Ill. 534, 537, 58 N.E.2d 599; *In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 275, 280 N.E.2d 744.) Accordingly, that issue here has been waived. *Rasmussen v. Village of Bensenville* (1965), 56 Ill. App. 2d 119, 128, 205 N.E.2d 631.

B. Citing *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, defendants and the State (appellees) contend that this controversy is moot, observing that both defendants have already been released from custody of the Department. In *Smith*, defendant was placed on five years' probation conditioned upon his serving the first nine months in the House of Corrections. The supreme court held that defendant's completion of the period of incarceration rendered moot defendant's attack on the propriety of his sentence, as distinguished from the conviction, even though the term of probation apparently had not expired. 59 Ill. 2d 236, 237; see also *In re B.S.* (1979), 73 Ill. App. 3d 507, 509, 392 N.E.2d 62; *People v. Armstrong* (1976), 43 Ill. App. 3d 586, 599, 357 N.E.2d 84.

■ *Smith* is inapposite. There defendant was challenging the validity of a sentence he had already served. (*People v. Smith* (1973), 16 Ill. App. 3d 100, 104, 305 N.E.2d 714, *rev'd on other grounds* (1974), 59 Ill. 2d 236.) Here, the Department is litigating the use of its facilities to house certain juvenile defendants, rather than the validity of the sentence as such. More importantly, this controversy falls within that exception to the general mootness doctrine for cases " 'capable of repetition, yet evading review.' " (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 236, 437 N.E.2d 638; see *August H. Skoglund Co. v. Department of Transportation* (1978), 67 Ill. App. 3d 276, 280, 384 N.E.2d 849; *cf. People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273.) This exception is limited to those situations where: (1) the chal-

lenged action is in its duration too short to be fully litigated prior to its cessation; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Murphy v. Hunt* (1982), 455 U.S. 478, 71 L. Ed. 2d 353, 102 S. Ct. 1181; *Gannett Co. v. DePasquale* (1979), 443 U.S. 368, 377, 61 L. Ed. 2d 608, 620, 99 S. Ct. 2898, 2904.

The foregoing conditions are satisfied here. First, the sentences at issue are of short duration; the law prohibits a sentence of probation conditioned on a term of imprisonment in excess of six months. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(d).) Thus, ordinarily, any defendants so sentenced will have completed their period of incarceration prior to the time in which the appeal can be determined. This assertion is exemplified by the present facts, wherein although the Department successfully moved to expedite its appeal, defendants were released from custody many months before oral argument. Second, given the inherent ambiguity in the statutory scheme, discussed *infra*, and the need to place certain juveniles on probation conditioned on a period of incarceration, it is reasonable to assume that the Department will be ordered to house minors similarly sentenced in the future. Therefore, we will consider the merits of this appeal.

## II

The Department argues that defendants' sentence of four years' probation conditioned on their serving the first six months in the Juvenile Division of the Department must be vacated, since they were contrary to section 5—6—3(d) of the Code. That section states, in part: "*** Persons committed to imprisonment as a condition of probation *** shall not be committed to the Department of Corrections." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(d).) The Department maintains that juvenile defendants, therefore, may not be sentenced to the Juvenile Division of the Department as a condition of probation. The Department's reliance on *People v. Toler* (1975), 32 Ill. App. 3d 793, 801, 336 N.E.2d 270, to support this assertion is unwarranted, since that case involved an adult, rather than juvenile, defendant. Appellees respond that the sentences were proper and in accordance with section 5—8—6(c) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—6(c)), which reads: "All offenders under 17 years of age sentenced to imprisonment shall be committed to the Juvenile Division of the Department of Corrections ***."

The Department urges that the latter proviso is silent with respect to imprisonment as a condition of probation. Thus, it asserts, the statutes do not conflict and the clear, unambiguous language of

section 5—6—3(d) controls. We disagree.

A salutary principle of statutory construction requires that section *in pari materia* must be considered with reference to each other so that both sections may be given harmonious effect. (*People v. Scheib* (1979), 76 Ill. 2d 244, 250, 390 N.E.2d 872; *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 118, 378 N.E.2d 510.) Both sections 5—6—3(d) and 5—8—6(c) concern the location of imprisonment for sentencing purposes. Thus, the term "persons" in section 5—6—3(d) must be construed, in light of section 5—8—6(c), to refer to those 17 years of age or older. This construction affords meaning to both paragraphs, and follows the mandate of section 5—8—6(c) that all offenders under age 17 sentenced to imprisonment be committed to the Juvenile Division of the Department. The purpose of the latter statute is to protect minors from the "hardening influence and possible abuse from fellow inmates" over 17. *People v. Taylor* (1979), 76 Ill. 2d 289, 310, 391 N.E.2d 366.

Yet another principle of construction applies here: specific statutory provisions prevail over general provisions on the same subject. (*People ex rel. Oller v. Cairo & Thebes R.R. Co.* (1936), 364 Ill. 329, 333, 4 N.E.2d 482; *Waldbillig Woodworking, Inc. v. King Arthur's North, Ltd.* (1982), 104 Ill. App. 3d 417, 421, 432 N.E.2d 1048.) On balance, section 5—8—6(c) is more particular than 5—6—3(d), in reference to the issue at bar; it expressly pertains to the place of confinement for those under age 17, whereas 5—6—3(d) deals with the broader subject, "conditions of probation." Therefore, to the extent that the legislative enactments may be said to disagree, section 5—8—6(c) must govern.

The Department's construction that juvenile defendants cannot be committed to the Juvenile Division as a condition of probation, creates additional problems and questions. It does not affirmatively answer the question of where minors sentenced to imprisonment as a condition of probation are to be committed. The determination of where juvenile criminals shall be placed is purely a legislative function, with courts possessing no discretion in the matter. (*People v. Fowler* (1958), 14 Ill. 2d 252, 259, 151 N.E.2d 324.) In Illinois, the legislature and courts have always required that juvenile offenders be detained or incarcerated separately and apart from the general prison population. (See 1975 Ill. Att'y Gen. Op. S—910.) The fact that a juvenile has been tried as an adult does not preclude his being required to serve his sentence in the Juvenile Division of the Department. (See, *e.g., People v. Cater* (1979), 78 Ill. App. 3d 983, 398 N.E.2d 28.) The concern for a juvenile's incarceration may well address considerations

different from those contemplated in selection of the trial forum before which his guilt or innocence is to be adjudicated. The Department suggests that juvenile defendants receiving the type of sentence in question should be placed in a "county facility" other than "Cook County Jail," but does not refer to any statutory authority in support thereof, nor has any been found.

The Department also maintains that if the legislative enactments are viewed as conflicting, section 5—6—3(d) should control, because it represents the most recent manifestation of legislative intent. The pertinent part of section 5—6—3(d) became effective July 1, 1974 (Ill. Ann. Stat., ch. 38, par. 1005—6—3(d), Historical Note, at 518 (Smith-Hurd 1982)); the relevant portion of section 5—8—6(c) was effective January 1, 1973. (Ill. Ann. Stat., ch. 38, par. 1005—8—6(c), Historical Note, at 209 (Smith-Hurd 1982).) The rule of construction relied upon by the Department provides: "If there is an irreconcilable conflict between the new provision and the prior statutes relating to the same subject matter, the new provision will control as it is the later expression of the legislature." (2A J. Sutherland, Statutes & Statutory Construction sec. 51.02 (4th ed. 1973).) This rule, however, is inapplicable because there is no "irreconcilable conflict" between the enactments involved here. When construed with reference to each other, they are indeed compatible. As noted in Sutherland, "[s]tatutes in pari materia, although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other."

The State's request for costs is denied. *Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 367 N.E.2d 1302.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P.J., and STAMOS, J., concur.