MUTUAL SERVICES, INC., Plaintiff-Appellant, v. BALLANTRAE DEVELOPMENT COMPANY, Defendant (Talman Home Federal Savings, Defendant-Appellee).

First District (5th Division)   No. 84—0650

Opinion filed July 2, 1987.

Michael T. Nigro, of Nigro & Westfall, P.C., of Glendale Heights, for appellant.

Marjorie E. Schaffner, Robert J. Sharfman, and Lawrence A. Gold, all of Gomberg & Sharfman, Ltd., of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Mutual Services, Inc., filed a complaint to foreclose a mechanic's lien against Ballantrae Development Company (Ballantrae)[1] and North West Federal Savings & Loan Association (North West).[2] Defendant filed a motion for summary judgment which argued, *inter alia,* that plaintiff's claim for a mechanic's lien was fatally defective as to defendant because it had not been filed within four months after the completion of work as required by section 7 of the Mechanics' Liens Act (the Act) (Ill. Rev. Stat. 1985, ch. 82, par.7). The trial court found plaintiff's claim for lien to be invalid. Plaintiff appeals from that judgment.

According to the record, Ballantrae was the general contractor for the construction of the Ballantrae condominium project. Defendant held mortgages on the project as lender to Ballantrae. On October 30, 1978, plaintiff subcontracted with Ballantrae to supply various materials for the project, including crushed stone, fill material, pipe, ornamental railing and hardware. On May 5, 1981, and May 7, 1981, respectively, plaintiff mailed notices of its claim for lien to Ballantrae and defendant which sought $22,334 for materials delivered by March 19, 1981, but for which no payments had been made. Then on June 23, 1981, plaintiff filed a claim for lien in the Cook County office of the recorder of deeds which stated, *inter alia,* that plaintiff had completed "all required by said contract to be done" by February 20, 1981, and that a balance of $22,334 was due. The claim for lien was signed by Francis L. Sheahan, the president of plaintiff. On November 17, 1981, plaintiff filed a complaint to foreclose a mechanic's lien. The complaint alleged that on March 19, 1981, plaintiff had performed its contractual obligation and that Ballantrae owed plaintiff $22,334.

Subsequently, defendant as first mortgagee on the project filed an answer and motion for summary judgment, both of which alleged that plaintiff's mechanic's lien was fatally defective because it had not been filed within four months of the completion of the contract as required by section 7 of the Act. Defendant also filed a legal memorandum, copies of the delivery contract, the notice and claim for lien, an invoice dated February 9, 1981, and a page from written interrogatories completed by plaintiff which indicated that the last delivery occurred on the date reflected on the aforestated invoice.

In plaintiff's response to defendant's motion for summary judg-

---

[1]Ballantrae is not a party to this appeal.

[2]North West was taken over by Talman Home Federal Savings & Loan Association during the course of these proceedings and was substituted as defendant.

ment plaintiff alleged that the mechanic's lien included a misstatement of the date the contract had been completed, that the misstatement could not be considered as a judicial admission, and that the delivery contract was an "open or running account."

After considering the pleadings on defendant's motion for summary judgment and argument of counsel, the trial court entered an order finding that there was a genuine issue of material fact as to the date of the last delivery and denied defendant's motion. Subsequently, defendant filed a motion for reconsideration which was granted by the trial court in an order finding that "on its face" the recorded lien claim had not been within the statutory period of four months.

We must now determine if the trial court's determination was erroneous. Section 7 of the Act states, in relevant part:

"No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion, or if extra or additional work is done or material is delivered therefor within 4 months after the completion of such extra or additional material, he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee, which shall consist of a brief statement of the contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same." Ill. Rev. Stat. 1985, ch. 82, par. 7.

■■ ■ The Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 1 *et seq.*) is in derogation of common law and must be strictly construed (*Waldbillig Woodworking, Inc. v. King Arthur's North* (1982), 104 Ill. App. 3d 417, 421, 432 N.E.2d 1048) with reference to the requirements upon which the right to a lien depends, even though the legislature has provided that the Act is to be liberally construed as a remedial act. (*Excellent Builders, Inc. v. Pioneer Trust & Savings Bank* (1973), 15 Ill. App. 3d 832, 837, 305 N.E.2d 273.) Section 7 of the Act requires a contractor to file a suit or to record a lien claim within four months after completion of the work so as to give third parties dealing with the property notice of the existence, nature and character of the lien. (*Apollo Heating & Air Conditioning Corp. v. American National Bank & Trust Co.* (1985), 135 Ill. App. 3d 976, 979, 482 N.E.2d 690.) Filing within the four-month period is a condi-

tion of liability itself and not just a limitation on the remedy. *Waldbillig Woodworking, Inc. v. King Arthur's North* (1982), 104 Ill. App. 3d 417, 420, 432 N.E.2d 1048.

Under section 7 of the Act, a claimant cannot enforce a claim for lien against an ultimate third party unless he has either filed the lien within four months after work has been completed with the recorder of deeds or has brought an enforcement suit against the third party. The filed lien must be verified and must include a brief statement of the contract, identify the balance due after allowing all credits and a sufficiently correct description of the lot, lots or tract of land to identify same. (Ill. Rev. Stat. 1985, ch. 82, par. 7.) "Completion" of the work referred to in section 7 of the Act means the full performance of the work for which a contractor seeks to enforce his lien. (*D. M. Foley Co. v. North West Federal Savings & Loan Association* (1984), 122 Ill. App. 3d 411, 414, 461 N.E.2d 500.) Failure of the contractor to act within four months will preclude the contractor from enforcing his lien against or to the prejudice of any other creditor, encumbrancer or purchaser. In the event the contractor fails to comply with section 7 of the Act, the lien may not be enforceable against such third parties, but may nonetheless be enforced against the original owner. *Apollo Heating & Air Conditioning Corp. v. American National Bank & Trust Co.* (1985), 135 Ill. App. 3d 976, 980, 482 N.E.2d 690.

Here, defendant is a third party who held mortgages to the property against which plaintiff had filed a mechanic's lien. In its status as mortgagee, defendant is protected by section 7 of the Act through the four-month filing requirement. The purpose of the requirement is to give third parties dealing with the property notice of the existence, nature and character of a lien and thus enable third parties to determine from the claim itself whether the lien is enforceable. (*Federal Savings & Loan Insurance Corp. v. American National Bank & Trust Co.* (1983), 115 Ill. App. 3d 426, 429, 450 N.E.2d 820.) To enforce its lien against third parties such as defendant, plaintiff must strictly comply with section 7 of the Act. The claim for lien herein was clearly a sworn statement which was signed by Frances L. Sheahan, the president of defendant. It is well settled that prior inconsistent sworn statements are a party's formal binding admissions of fact. (*Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 494, 477 N.E.2d 1249.) Thus, it was proper for the trial court to consider the date recorded on the claim for lien by plaintiff as a binding factual allegation. Plaintiff's failure to file its mechanic's lien within four months of the

554

completion of deliveries to Ballantrae precludes plaintiff from enforcing its lien against defendant.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.