THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. HETZEL, Defendant-Appellant.

First District (3rd Division)   No. 1—91—2514

Opinion filed March 3, 1993.—Rehearing denied April 22, 1993.

Daniel E. Radakovich, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Carol A. Mengel, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant Michael A. Hetzel was convicted of two counts of murder and one count of armed violence in connection with the stabbing death of his neighbor, a 27-year-old woman, in Lyons, Illinois. The 16-year-old defendant was sentenced on October 30, 1986, to 30 years' imprisonment in the Department of Corrections for murder, concurrent with a term of 15 years for armed violence. Defendant was confined to juvenile facilities at the Department of Corrections. The convictions were affirmed on direct appeal on March 22, 1989. *People v. Hetzel* (1989), 181 Ill. App. 3d 85, 536 N.E.2d 909.

On October 26, 1990, nine days before defendant's twenty-first birthday, defendant filed a petition to vacate the judgment or in the alternative to modify or reduce his sentence. The trial court held that it did not have jurisdiction to hear evidence in support of defendant's petition, and defendant was precluded from introducing evidence on the merits of his petition, which was based upon his positive behavior since incarceration and his prospective rehabilitative possibilities.

Defendant bases his right to a hearing on these issues by reason of the provisions of section 5—8—6(c) of the Unified Code of Corrections. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—6(c).

We affirm the trial court's determination that the statute did not establish the court's authority to hear evidence in support of defendant's petition. The statutory language upon which defendant relies empowers the trial court to change or amend the commitment order as it relates to the place of confinement rather than the authority to retry the issues of the initial conviction, sentencing or to sit as a parole board.

The statute in question provides as follows:

"§5—8—6 Place of Confinement. ***
***

(c) All offenders under 17 years of age when sentenced to imprisonment shall be committed to the Juvenile Division of the Department of Corrections and the court in its order of commitment shall set a definite term. Such order of commitment

shall be the sentence of the court which may be amended by the court while jurisdiction is retained; and such sentence shall apply whenever the offender sentenced is in the control and custody of the Adult Division of the Department of Corrections. The provisions of Section 3—3—3 shall be a part of such commitment as fully as though written in the order of commitment. The committing court shall retain jurisdiction of the subject matter and the person until he or she reaches the age of 21 unless earlier discharged. However, the Juvenile Division of the Department of Corrections shall, after a juvenile has reached 17 years of age, petition the court to conduct a hearing pursuant to subsection (c) of Section 3—10—7 of this Code." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—6(c).

Defendant claims that the hearing was authorized because the statute provided that "the committing court shall retain jurisdiction of the subject matter and the person until he or she reaches the age of 21 unless earlier discharged." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—6(c).

The State first suggests that this argument was not presented in the trial court and the issue was accordingly waived. When a minor has been given a long-term sentence which by its terms requires that he spend his formative teen years and early productive adult years in our correction system, we cannot evade consideration of this issue on technical or procedural grounds.

Accordingly, we will address the substance of the State's argument.

The State argues that the quoted sentence from section 5—8—6(c) must be read in the context of the entire paragraph. This paragraph relates to "place of confinement" and addresses the terms and conditions surrounding the order of commitment. Moreover, the section expressly incorporates section 3—3—3 (Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—3), which provides the terms of eligibility for parole or release of adult and juvenile prisoners which would be determined by the Prisoner Review Board after an appropriate parole hearing. Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—5 *et seq.*

We do not believe that the statute is ambiguous. The legislature's intent appears clear and we discern that the best indicator of that intent is the language employed by the legislature. (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189, 561 N.E.2d 656.) In construing the meaning and intent of a statute, it must be read as a whole and its title is considered in such construction. *Wilcoxen v. Paige* (1988), 174 Ill. App. 3d 541, 528 N.E.2d 1104.

It is clear that this subsection of the statute relating to place of confinement was enacted to ensure that juvenile offenders were maintained separately from adults. While the Department of Corrections must be given some flexibility in assigning persons to various of its institutions, offenders under 17 years of age would be committed to the juvenile division and upon reaching the age of 17 would be subject to a hearing to determine whether they should remain in a juvenile facility or be transferred at that time to an adult facility. See Ill. Ann. Stat., ch. 38, par. 1005—8—6, Council Commentary, at 209 (Smith-Hurd 1982).

The statute has been narrowly construed to apply only to prisoners sentenced to the juvenile division of the Department of Corrections rather than pretrial detainees held in county jails. (*Cooper v. Elrod* (N.D. Ill. 1985), 622 F. Supp. 373.) *Cooper* confirmed the import of section 5—8—6 by imposing upon the Department the obligation to provide a prior judicial hearing before transferring a person over 17 and under 21 to the adult division.

Cases that have considered subsection (c) have not challenged the validity of the sentence but rather the use of the Department of Correction's facilities to house certain juvenile defendants. *People v. Bailey* (1983), 116 Ill. App. 3d 259, 452 N.E.2d 28.

Further, subsection (c) directs that the court conduct a hearing pursuant to subsection (c) of section 3—10—7 of the Uniform Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1003—10—7(c)). This section deals with interdivisional transfers and requires the trial court to consider all relevant factors including the nature of the offense, the offender's sentence and previous record, adjustment within the juvenile division, level of maturity, rehabilitative progress and vocational potential, and the necessity for the offender's transfer.

We do not believe that subsection (c) of section 5—8—6 was intended to create an additional forum for review of the validity or propriety of defendant's sentence and therefore affirm the judgment of the circuit court of Cook County.

Affirmed.

RIZZI and CERDA, JJ., concur.