NO. 4-06-1000     Filed 7/6/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: Marie M., a Minor;                        )     Appeal from
THE PEOPLE OF THE STATE OF ILLINOIS,             )     Circuit Court of
          Petitioner-Appellee,                   )     Vermilion County
          v.                                     )     No. 05JD146
JEFFERY BARGAR, as Superintendent of             )
IYC-Warrenville,                                 )     Honorable
          Respondent-Appellant.                  )     Claudia S. Anderson,
                                                 )     Judge Presiding.
_____

          JUSTICE KNECHT delivered the opinion of the court:

          On October 3, 2006, the trial court adjudged Marie M. a

delinquent and committed her to the Department of Corrections,

Juvenile Division (DOC).  On October 25, 2006, the court issued

two writs of <u>habeas</u> <u>corpus</u> <u>ad</u> <u>prosequendum</u> directing the superin-

tendent of Illinois Youth Center-Warrenville, Jeffery Bargar, to

transport Marie to testing locations on October 28 and 31, 2006,

for her to take the ACT test and the Prairie State Achievement

Examination (PSAE).  On November 27, 2006, Bargar filed an

interlocutory appeal.  On appeal, Bargar argues (1) the orders

are void because he was not provided notice or an opportunity to

respond and (2) the court did not have authority to enter the

orders.  We reverse.

I. BACKGROUND

          On October 24, 2005, the State filed an amended peti-

tion for adjudication of wardship in regard to Marie.  On October

3, 2006, the court adjudged Marie a delinquent and committed her to DOC.

On October 25, 2006, the State filed two petitions for a writ of habeas corpus. The first petition requested the trial court issue a writ of habeas corpus to secure the presence of Marie for the purpose of taking the ACT test by directing Bargar to transport Marie to the test location. The second petition sought a writ of habeas corpus directing Bargar to transport Marie to a second test location to secure Marie's presence for the purpose of taking the PSAE.

Also on October 25, 2006, the trial court issued two writs of habeas corpus ad prosequendum. The first writ ordered Bargar to transport Marie to Danville Area Community College at 8 a.m. on October 28, 2006, for Marie to take the ACT test. The second writ ordered Bargar to transport Marie to Georgetown Ridge Farm High School at 8 a.m. on October 31, 2006, for Marie to take the PSAE.

On October 27, 2006, Bargar filed a motion to quash the writs, arguing the trial court exceeded it authority under the habeas-corpus-to-testify statute (735 ILCS 5/10-135 (West 2004)). The record fails to show any action the trial court took on the motion. On October 27, 2006, Bargar also filed a motion seeking a supervisory order with the Illinois Supreme Court. On November 7, 2006, the supreme court denied the motion. Bargar v. Ander-

- 2 -

son, No. 103625.  This appeal followed.

## II. ANALYSIS

### A. Mootness

As a threshold matter, the parties agree this appeal is moot because Bargar complied with the October 25 orders and the issues that were before the trial court no longer exist.  See In re J.T., 221 Ill. 2d 338, 349-50, 851 N.E.2d 1, 7-8 (2006) (an appeal is moot where no actual controversy is presented or the issues that were before the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief).  Bargar asserts we should, however, consider his arguments under exceptions to the mootness doctrine because the issue is (1) capable of repetition, yet evades review and (2) of great public interest.

An exception to the mootness doctrine exists for cases involving an event of short duration that is "'capable of repetition, yet evading review.'"  In re A Minor, 127 Ill. 2d 247, 258, 537 N.E.2d 292, 296 (1989), quoting Madison Park Bank v. Zagel, 91 Ill. 2d 231, 236, 437 N.E.2d 638, 640 (1982).  For this exception to apply, the complaining party must demonstrate (1) the challenged action is too short in duration to be fully litigated prior to becoming moot, and (2) a reasonable expectation exists the complaining party will be subjected to the same action again.  In re Louis S., 361 Ill. App. 3d 763, 767, 838

N.E.2d 218, 221 (2005).  Exceptions to the mootness doctrine are to be construed narrowly, and a clear showing must be made that each requirement is met.  J.T., 221 Ill. 2d at 350, 851 N.E.2d at 8.  The State concedes the challenged action is too short in duration to be fully litigated prior to its mootness.

Bargar argues he has a reasonable expectation of being subjected to a similar order in the future due to the many juveniles incarcerated at the facility and the reasonable probability some of these juveniles will be in a similar situation as Marie and will seek a similar order.  The State argues Bargar has failed to meet his burden of demonstrating a reasonable probability he will be subjected to the same action again because the habeas-corpus-to-testify statute (735 ILCS 5/10-135 (West 2004)) is unambiguous and no real question exists whether the trial court's order complied with the statute.

While the ambiguity of a statute may be a factor in determining whether a reasonable probability exists the situation will arise again (see People v. Bailey, 116 Ill. App. 3d 259, 262, 452 N.E.2d 28, 31 (1983)), the State cites no authority for the proposition a lack of ambiguity requires a finding that no reasonable probability exists the same action will arise again. The facts of this case contradict the State's assertion that a lack of ambiguity in a statute means no reasonable expectation the statute will be misapplied.  Here, the State specifically

- 4 -

requested writs of _habeas_ _corpus_ and the trial court granted writs of _habeas_ _corpus_ _ad_ _prosequendum_.

In addition, Bargar points to People v. Freed, 328 Ill. App. 3d 459, 766 N.E.2d 253 (2002), as support for the proposition the habeas-corpus-to-testify statute has been misapplied in the past. In Freed, the trial court entered an order of _habeas_ _corpus_ _ad_ _testificandum_ under section 10-135 of Habeas Corpus Act (735 ILCS 5/10-135 (West 2004)), directing DOC to produce the defendant at the jail for an independent psychiatric evaluation and a future hearing. Freed, 328 Ill. App. 3d at 463, 766 N.E.2d at 256-57. The Freed court held the trial court's order contravened the plain language of the statute and did not fall within any of the specifically enumerated statutory purposes for entering an order of _habeas_ _corpus_ _ad_ _testificandum_. Freed, 328 Ill. App. 3d at 466-67, 766 N.E.2d at 259-60.

Bargar need not demonstrate the statute will be applied in "precisely the same circumstances or for precisely the same reasons." A Minor, 127 Ill. 2d at 259, 537 N.E.2d at 297. "It is sufficient that the same statutory provision will most likely be applied in future cases involving the same party." A Minor, 127 Ill. 2d at 259, 537 N.E.2d at 297. Bargar has demonstrated a reasonable expectation he will be subject to similar orders in the future. A reasonable probability exists that other juveniles incarcerated at the facility, presently and in the future, will

seek a similar transportation order for educational testing.

Thus, we will not dismiss the appeal as moot.  We need not address Bargar's contention that the appeal also satisfies the public-interest exception to the mootness doctrine.

### B. Whether the Trial Court Erred by Entering the Orders of <u>Habeas</u> <u>Corpus</u> <u>Ad</u> <u>Prosequendum</u>

Bargar argues the trial court erred by entering the October 25, 2006, orders of <u>habeas</u> <u>corpus</u> <u>ad</u> <u>prosequendum</u> directing him to produce Marie at the testing centers on October 28 and 31, for the purpose of taking the ACT and the PSAE tests. Specifically, Bargar contends the court did not have authority to enter the orders under section 10-135 of the Habeas Corpus Act. Section 10-135 provides as follows:

> "The several courts having authority to grant relief by habeas corpus, may enter orders, when necessary, to bring before them any prisoner to testify, or to be surrendered in discharge of bail, or for trial upon any criminal charge lawfully pending in the same court or to testify in a criminal proceeding in another state *** and the order may be directed to any county in the State, and there be served and returned by any officer to whom it is directed."  735 ILCS 5/10-135 (West 2004).

The State concedes the orders do not comport with section 10-135 and instead argues the orders were proper under the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 through 7-1 (West 2004)).  We agree with the parties the trial court's orders exceeded the court's authority under section 10-135 of the Habeas Corpus Act.  We decline the State's invitation to issue an advisory opinion on whether the court could have entered the transportation orders under the Juvenile Court Act. The issue presented by the State appears to be one of first impression, was not raised in the trial court, and contrary to the State's assertion, the substance of the orders does not lead to the conclusion the orders were anything other than the writs of habeas corpus they purported to be.

Because we find the trial court did not have authority to enter the October 25 orders under section 10-135 of the Habeas Corpus Act, we need not address Bargar's contention the orders are void because Bargar was not provided notice or an opportunity to respond prior to being entered.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed.

APPLETON and TURNER, JJ., concur.