## Interstate Contracting & Supply Company, Appellant, v. Belleville Savings Bank et al., Appellees.

1. MECHANICS' LIENS, § 196*—*when evidence sufficient to sustain finding of agreement to waive liens.* In a bill by subcontractors to enforce mechanics' liens, evidence *held* sufficient to sustain a finding that before the making of the original contract with the owner, contractor verbally agreed to waive all liens for labor and materials.

2. MECHANICS' LIENS, § 196*—*when evidence sustains finding that original contract was oral and lien was waived.* In a bill by subcontractors to enforce mechanics' liens, evidence *held* sufficient to sustain a finding that the original contract was oral and that the right to a lien thereunder was specifically waived by contractor.

3. MECHANICS' LIENS, § 38*—*how question whether contract oral or written affects right to lien.* Under both the Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*) and the amendments thereof enacted in 1913, no distinction is made between oral and written contracts as to the right to a lien thereon.

4. MECHANICS' LIENS, § 38*—*what constitutes verbal contract under act.* Under the Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30.

a contract is in law deemed wholly oral or verbal where it is partly oral and partly in writing.

5. MECHANICS' LIENS, § 62*—*when subcontractor not entitled to lien.* Under the Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*), a subcontractor's lien cannot be allowed if the original contract does not create a lien.

6. MECHANICS' LIENS; § 62*—*whcn subcontractor not entitled to lien by original contract.* Under the Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*), a subcontractor is not entitled to a lien where the original contract provides that there shall be no liens upon property for labor or material.

7. MECHANICS' LIENS, §. 4*—*to what extent act unconstitutional.* In so far as section 21 of the Mechanics' Liens Act (J. & A. ¶ 7159) attempts to give a subcontractor a lien not dependent on the original contract, such section is unconstitutional.

8. MECHANICS' LIENS, § 136*—*what is effect of waiver in original contract on right of subcontractor to lien.* Under. the Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*), a subcontractor is not entitled to a lien where such lien has been waived and released by the original contractor.

9. MECHANICS' LIENS, § 135*—*when statute requiring recording of contract waiving liens to render it effective as evidence against subcontractor inapplicable.* The Act enacted in 1913 amending section 21 of the Mechanics' Liens Act (J. & A. ¶ 7159), which amendment requires that the contract waiving liens must be filed in the office of the recorder of deeds to make it effective as evidence against a subcontractor who has no actual knowledge of the waiver, does not apply where the original contract under which the lien is sought was entered into prior to the enactment of the amendment.

10. MECHANICS' LIENS, § 68*—*when notice by subcontractor to owner of claim for lien given too late.* The notice required by section 24 of the Mechanics' Liens Act (J. & A. ¶ 7162), to be given by subcontractors claiming a lien to the owner of the property sought to be subjected to a lien, comes too late to preserve the lien where such notice is given after the contractor has been adjudicated a bankrupt, although such notice was given within the time required by the statute.

11. STATUTES, § 27*—*how construed when in derogation of common rights.* Statutes in derogation of common rights must be strictly construed.

12. MECHANICS' LIENS, § 66*—*what are rights of subcontractors failing to give timely notice of liens.* Where subcontractors lose their liens by delaying to give the notice required by section 24

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

32     APPELLATE COURTS OF ILLINOIS.

Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30.

of the Mechanics' Liens Act (J. & A. ¶ 7162) until after the con-
tractor has been adjudicated a bankrupt, such subcontractors can
only share the proceeds of the estate of the bankrupt with other
creditors.

Appeal from the Circuit Court of St. Clair county; the Hon.
GEORGE A. CROW, Judge, presiding. Heard in this court at the
March term, 1915. Affirmed. Opinion filed December 1, 1915.

D. E. KEEFE and C. P. WISE, for appellant Samuel
B. McPheeters.

F. W. MERRILLS, for appellant Cincinnati Mfg. Co.

TURNER & HOLDER, for appellee Belleville Savings
Bank.

BARTHEL, FARMER & KLINGEL, for appellee Samuel
B. McPheeters.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion
of the court.

The Belleville Savings Bank, a banking corporation
hereinafter designated as the bank, doing business in
Belleville, Illinois, proposed building a new bank
building in that city, and in pursuance thereof asked
for bids for work and material to be used in its erec-
tion and furnishing. On July 29, 1912, the St. Louis
Bank Fixture Company of St. Louis, Missouri, sub-
mitted to it a written proposal to erect and furnish
certain parts of the building for $9,489. This offer was
accepted and parts of the work so contracted for were
thereafter sublet by said Bank Fixture Company to
certain subcontractors, one of which, the Interstate
Contracting and Supply Company, was to furnish all
the marble used in the building for $1,950, with extras
at the market price. Another, the Cincinnati Manufac-
turing Company, agreed to furnish the bronze, metal
work and steel cage work for $908.80 and still an-

other, the Van Kannel Revolving Door Company, was to furnish and deliver a revolving door for the bank for $665. The work and materials so contracted for were furnished and used in the bank building, and thereafter notice was served on the bank by the respective subcontractors, claiming liens therefor. On July 16, 1913, the contractor, the Bank Fixture Company, was duly adjudged a bankrupt in the United States Court for the Eastern District of Missouri. On July 17, 1913, the Interstate Contracting and Supply Company completed its contract and two days later served the notice of lien on the bank above referred to, claiming the amount of its contract price, and in addition thereto $96.82 for extras, and on July 30, 1913, filed a bill for mechanic's lien in the Circuit Court of St. Clair county, making as defendants thereto, the bank, the contractor and the other subcontractors above mentioned. The contractor answered setting up the bankruptcy proceedings, and that Samuel B. McPheeters had been appointed trustee therein, and afterwards said trustee was substituted for said contractor as defendant. The two other subcontractors filed answers, setting up their claims for the amount of their contracts and averring that they had given proper notice to the savings bank. The bank, in its answer, set up and claimed as a complete defense to the action that a waiver of any lien for labor or materials was made by the contractor at the time the contract was entered into. It also further answered saying, that it had paid to the Bank Fixture Company, on account of said contract, the sum of $7,477; that on the 18th day of July, 1913, before the bank received notice of any subcontractor's lien, the Bank Fixture Company was thrown into bankruptcy and was insolvent, and one Samuel B. McPheeters was appointed trustee in bankruptcy, and that the balance, $2,012, due from the bank to said Bank Fixture Company, became due and payable to the trustee of said company.

34 APPELLATE COURTS OF ILLINOIS.

Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30.

The cause was referred to the master to take the proofs and report the same and his conclusions. In his report he found as matters of fact, among other things, that the subcontractors furnished the work and material contracted for by them and that they had received nothing therefor; that they had served their respective notices of liens in apt time; that there was still due from the bank to the contractor $2,012, and that the contractor by oral agreement at the time of the contract had specifically waived any right to the lien. He also found as matters of law that the amendment to section 21 of the Mechanics' Liens Law of 1913 (J. & A. ¶ 7159) providing: "If the legal effect of any contract between the owner and contractor is that no lien or claim may be filed or maintained by any one, such provision shall be binding; but the only admissible evidence thereof as against a subcontractor or material man, shall be proof of actual notice thereof to him before any labor or material is furnished by him; or proof that a duly written and signed stipulation or agreement to that effect has been filed in the office of the recorder of deeds, etc.," is not binding on the bank as to a waiver made before the enactment of said law; that on account of such waiver, none of the subcontractors can maintain their lien and that the bill should be dismissed. Objections were filed to the report, which were overruled by the master and exceptions filed thereto in the court. Upon the hearing the court overruled the exceptions, approved the report and entered an order dismissing the bill at the cost of the complainant. From the decree so entered the Interstate Contracting and Supply Company and the Cincinnati Manufacturing Company appealed, seeking to reverse the same on the ground that there was no sufficient proof of waiver by the contractor, that the court erred in holding said amendment to section 21 of the Mechanics' Liens Law did not apply to such contract of waiver if proven, and in not holding

the $2,012 still due on the contract should be paid pro rata among the subcontractors.

It is the contention of appellants that the proof relied on by the Belleville Savings Bank to show that there was an oral waiver of right of lien under the Mechanics' Liens Law of the State, made by the Bank Fixture Company at the time the original contract was entered into, is insufficient to establish such waiver. We find from the record that Mr. Turner, the president of the company, testified that it was verbally agreed that the "St. Louis Bank Fixture Company would waive any right to any lien it might have under the Mechanic's Lien Law of this State for payment of any material or labor furnished on that bank building." This agreement on the part of the Bank Fixture Company referred to statements made by Mr. Ruekauff; the president of the company, and it was stipulated, between counsel for parties concerned, that if Mr. Ruekauff were present he would testify as to the waiver of lien and making the contract the same as Mr. Turner did. Mr. Abend, one of the directors of the bank and a member of the building committee, testified that he was present when the contract was made, and that Mr. Ruekauff said he would waive all right to any lien for labor or material. Mr. Hilgard, the cashier of the bank, also stated: "We had no written contract and accepted this bid after Mr. Ruekauff said he would waive all liens as to material and labor. This was before any materials had been furnished or labor done, regarding these fixtures." Mr. Geil, also a director of the bank and a member of the building committee, testified that "Mr. Turner asked Mr. Ruekauff whether he would waive all liens the same as the other contractors had and Mr. Ruekauff stated 'certainly' "; also that before the contract was accepted, Mr. Ruekauff was asked whether he was willing to waive all liens, and he said "Yes sir." Appellant did not seek to contradict the statement of these witnesses

36 APPELLATE COURTS OF ILLINOIS.

Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30.

upon this subject and we think they were sufficient to sustain the finding of the master, which was also approved by the court, that "before the acceptance of this proposition the Fixture Company and Ruekauff had verbally agreed to waive all right to any lien for labor and material that might be furnished for this building." Also the finding upon the same subject that the testimony conclusively established "that the contract of the bank with the Fixture Company was an oral one, and that the right to any claim for lien was specifically waived."

In *Stepina v. Conklin Lumber Co.*, 134 Ill. App. 173, it was held "under the Mechanic's Lien Act of 1903, no distinction is made between oral and written contracts. The rights to a lien under them are the same," and there is no reason why the same rule should not apply to the law as it now stands. In *Rittenhouse & Embree Co. v. Barry*, 98 Ill. App. 548, it was held in a mechanic's lien case that where the contract was partly in writing and partly oral, it is as a whole in law, an oral or verbal contract. In *Von Platen v. Winterbotham*, 203 Ill. 198, the doctrine was laid down that if the original contract did not create a mechanic's lien under the statute, a subcontractor's lien could not be allowed. Section 21 of the Mechanics' Liens Law of 1903, (J. & A. ¶ 7159) attempted to give the subcontractor a lien which should not be dependent upon the original contract, but since its enactment it has been held by our Supreme Court that the lien of a subcontractor can exist only by virtue of the original contract, and that where the original contract provides there shall not be any liens upon property for labor or material, the subcontractor is not entitled to any lien; also that said section, in so far as it attempts to give the subcontractor such a lien, is unconstitutional. *Kelly v. Johnson*, 251 Ill. 135; *Cameron Co. v. Geseke*, 251 Ill. 402. If therefore the rule as laid down in these authorities is to be followed, it would appear that ap-

pellants, as subcontractors, would not under the proofs in this case be entitled to a mechanic's lien under the law for the reason that such lien had been waived and released by the original contractor. It is the conten-. tion of appellant, however, that the amendment to section 21 of the Mechanics' Liens Law of 1913, which is above set forth and which requires that the contract waiving the lien must be filed in the office of the recorder of deeds to make it effective as proof against the subcontractor, where he has no actual knowledge of such waiver, applies to this case and that by reason thereof said amended pleas cannot tal e advantage of such waiver in this case as against appellant. The original contract in this case, however, was entered into prior to the passage of this amendment, and the law, in force at the time when the contract was made, must be held to govern as to the right to a lien. *Eisendrath Co. v. Gebhardt,* 222 Ill. 113.

It would appear there was another reason why appellants in this case, as subcontractors, would not be entitled to the lien sought by them. It is provided in section 24 of the Mechanics' Liens Law (J. & A. ¶ 7162) as follows: "Subcontractors, or party furnishing labor or materials, may at any time after making his contract with the contractor, and shall within sixty (60) days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within sixty (60) days after the date of completion of such extra or additional work or final delivery of such extra or additional material, cause a written notice of his claim and the amount due or to become due thereunder, to be personally served on the owner or his agent or architect, or the superintendent having charge of the building or improvement: *Provided,* such notice shall not be necessary when the sworn statement of the contractor or subcontractor provided for herein shall serve to give the owner notice of the amount due and to whom due." Appellant served the notice re-

38    Appellate Courts of Illinois.

Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30.

quired by this statute, but prior to the service of the same the St. Louis Bank Fixture Company, the original contractor, on July 16, 1913, was adjudged a bankrupt and Samuel B. McPheeters was appointed its trustee. The service of these notices was therefore too late under the holding of the Supreme Court of this State. In the case of *Ryerson & Son v. Smith*, 152 Ill. 641, Ryerson and Son were subcontractors under the Porter Boiler Manufacturing Company, who contracted to erect a stand pipe and steam drums for the Chicago Rock Island and Pacific Railroad Company and the World's Columbian Exposition Company, and before the completion of the subcontract, Ryerson & Son filed notice of lien. Prior to the filing of such notice the contractor became insolvent and made a general deed of assignment for the benefit of its creditors to William P. Smith, who, under the instruction of the County Court, proceeded to finish the work. At the completion of the subcontractor's contract, the railroad and exposition companies refused to pay the amount due. It was thereafter agreed the money should be deposited with the assignee and the subcontractors filed their petition for it in the County Court. The assignee filed a demurrer to the petition, which was sustained by the court and the petition dismissed. On appeal to the Appellate Court [51 Ill. App. 270], the order of the County Court was affirmed, and on further appeal the Supreme Court affirmed the judgment of the Appellate Court, stating in the opinion: ''It is hardly necessary to say, that statutes in derogation of common right should be strictly construed. Plaintiffs in error (Ryerson & Son) could have had no liens until service of notices as required by section 30 (*Shaw v. Chicago Sash, etc., Mfg. Co.*, 144 Ill. 520; *Butler v. Gain*, 128 id. 23). Prior, however, to such service of notices, the Porter Boiler Manufacturing Company made an assignment for the benefit of its creditors. The notices, therefore, were insufficient to create liens; and es-

pecially is this so, since it does not appear that anything was due from either the Chicago, Rock Island and Pacific Railroad Company or the World's Columbian Exposition Company at the date of the assignment. It is true that the assignee took the insolvent's estate subject to existing liens and equities, but at the time of the assignment no liens or equities existed in favor of plaintiffs in error. The persons intended to be benefited by the statute must comply strictly with all its requirements before they can have any lien." The notice required of a subcontractor by section 30 referred to in the case quoted from was in some respects similar, and the requirement in no wise stronger than that provided for by section 24 under the present law above quoted.

By their failure to serve their notice of lien prior to the contractor's assignment in bankruptcy, the subcontractors lost their right to enforce a mechanic's lien against the bank property and can only share with other creditors the proceeds of the bankrupt estate. The decree of the court below dismissing the bill filed in this case will be affirmed.

*Decree affirmed.*