BRUCE W. OSTEN *et al.*, Plaintiffs and Counterdefendants-Appellants, *v.* JITENDRA J. SHAH *et al.*, Defendants and Counterplaintiffs-Appellees.

Third District    Nos. 81-491, 81-347 cons.

Opinion filed March 8, 1982.

Joseph E. Winne, of Nicol, Newell, Prusak & Winne, of Peoria, for appellants.

Brent H. Gwillim, of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

Bruce and Linda Osten, plaintiffs, filed a complaint for breach of contract against Jitendra and Daksha Shah, defendants. Allegedly, the Shahs failed to abide by the terms of a real estate contract concerning the sale of plaintiffs' home. Defendants filed a counterclaim seeking the return of their earnest money. The Shahs obtained summary judgments on the complaint and counterclaim. Mr. and Mrs. Osten appeal.

Was awarding summary judgment on both claims proper? This lone inquiry is the gist of plaintiffs' appeal.

In 1978 the Ostens owned a home located in Peoria, Illinois. Because Mr. Osten was changing employment to another city, the family home was to be sold. Sometime after July 4, 1978, plaintiffs listed their home with Commercial National Realty, a Peoria real estate agency. The asking price was $118,500. An agent for Northaire Realty Company showed the house to the Shahs on April 29, 1979. The same day, the Shahs as buyers, made a written offer of $115,000 on a form real estate contract. The financing clause of that contract states:

> "* * * This offer is subject to the buyer being able to secure a first mortgage loan with any reputable lending institution in the amount of $92,000. Buyer agrees to make application for said loan immediately upon acceptance of said offer. * * *"

Additionally, such financing was to be secured within 60 days. The Shahs tendered $2,000 earnest money with the written offer to purchase. The same day the Ostens accepted the Shahs' offer.

On May 4, 1979, defendants sought a mortgage loan from the University National Bank in Peoria for $92,000. The bank would only lend $81,840. The bank said the Osten's home was overvalued, and appraised it at $101,850. A month later Dr. Shah applied for a second mortgage loan of $20,000 with Commercial National Bank of Peoria. This lender denied the application. No other financing was sought through other commercial or private sources. The deal fell through. The Ostens kept the Shahs' earnest money. Later the house was sold to other buyers for $110,000.

Prior to trial, defendants filed a motion for summary judgment on plaintiffs' complaint. The trial judge did not rule on the motion since leave was granted to file an amended complaint. Then, trial convened for one day. Defendants refiled their motion for summary judgment. After amending their answer and counterclaim, defendants moved for summary judgment on the latter as well. The trial granted both of defendants' motions. We reverse.

■■ The parties entered into a valid contract. The Shahs' performance of the contract was conditioned upon obtaining a first mortgage loan for

$92,000. The Shahs were not obligated to perform under the terms of the contract unless the mortgage was obtained. But the inquiry does not end there. By executing the contract the Shahs impliedly promised to use reasonable efforts to obtain the specified financing. They had to make positive efforts to cause the condition, upon which their liability might depend, happen.

■■ Likewise, in every contract both parties impliedly promise to act in good faith. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 286.) A party cannot claim the failure of a condition defeats his own liability when he is the party who prevents actualization of the condition upon which contractual liability depends. Such is not fair dealing.

■■ Whether the Shahs employed reasonable efforts to obtain the described mortgage was a material, disputed fact. Its resolution might depend on many variables, including interest rates, as well as loan demand. Intertwined with such consideration was whether the Shahs' single attempt to obtain a first mortgage was done in good faith. Since both issues are based on facts which are genuinely disputed awarding summary judgment was improper. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) We also note that credibility of witnesses and the weight to be accorded their testimony are matters for the trier of fact to consider. *Finley v. New York Central R.R. Co.* (1960), 19 Ill. 2d 428, 436.

We express no opinion as to whether the Shahs, or for that matter, the Ostens, acted reasonably and in good faith pursuant to their contractual obligations. Such decisions are for the trier of fact.

For the reasons stated, we reverse both trial court orders granting summary judgments to the defendants. This cause is remanded to the Circuit Court of Peoria County for further proceedings consistent with the views expressed herein.

Reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.