APOLLO HEATING AND AIR CONDITIONING CORPORATION, Plaintiff-Appellee, v. AMERICAN NATIONAL BANK & TRUST COMPANY, Trustee, *et al.*, Defendants-Appellants.

First District (2nd Division) No. 84—0559

Opinion filed August 27, 1985.

Marshall A. Levin, of Chicago, for appellants.

Barrett & Sramek, of Palos Heights (Gerald J. Sramek, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Apollo Heating and Air Conditioning Corporation (plaintiff) filed in the circuit court of Cook County a complaint to foreclose a mechanic's lien claim, contending that pursuant to an oral contract, plaintiff had supplied materials and labor for the repair of the central air conditioning unit in the building located at 4150 South Halsted Street in Chicago. Plaintiff contended that the defendant building owners owed plaintiff some $16,000 pursuant to the contract.

The parties stipulated that the property was held in trust by the defendant bank, and that defendant Berke was the 100% beneficial owner of the trust.

At trial plaintiff presented two witnesses. Rueben Burton testified: In July 1980 he was the maintenance supervisor for the Illinois Department of Public Aid, the sole tenant of the building. At that time the air conditioning system in the building was not functioning properly. Burton was present at a meeting held in the building attended by Joseph Berke (the father-in-law of and allegedly an employee and agent of defendant William Berke), Ernie Howard (allegedly an employee and agent of defendant Berke), Edward McKay (president of plaintiff Apollo) and Theophilus Thomas (an office manager for the Department of Public Aid). It was there verbally agreed that plaintiff should repair the air conditioning system and that the building owner would pay for the repairs.

Edward McKay, president of Apollo, testified that on July 1, 1980, he received a phone call from Thomas advising him that the building's air conditioning system was broken. Later on that date he attended a meeting at the building with Joseph Berke, Howard, Thomas, and Joseph Brenslo wherein it was orally agreed that Apollo would repair the air conditioning system. Joseph Berke and Howard, acting as rep-

resentatives of William Berke, agreed that the "ownership of the building would pay" for the repairs. No written documents were signed.

Defendants presented three witnesses. Ernie Howard and Joseph Berke testified that they did not recall attending the meeting testified to by Burton and McKay. Theophilus Thomas testified that while he recalled participating in several conversations with representatives of Apollo regarding the ailing air conditioning system, he did not recall participating in a meeting which included representatives of both Apollo and the building owner.

At the conclusion of the trial, the court reserved ruling. It later issued a written "findings of fact and opinion." The court ruled in favor of plaintiff, finding that the disputed meeting had occurred, that Howard and Joseph Berke were acting as agents for owner William Berke and in that capacity had entered into a valid oral contract with Apollo to repair the air conditioning system and that Apollo had performed the work. The court awarded Apollo a mechanic's lien in the amount of $14,361.44 plus statutory interest.

On appeal defendants raise two issues: (1) whether the court erred in ruling that the parties had entered into an enforceable contract; and (2) whether the court erred in excusing plaintiff's failure to record and serve a proper notice and claim for a mechanic's lien.

■■ Defendants first contend that the plaintiff failed to meet its burden of proof to establish that a valid contract was entered into.[1] They argue that since their witnesses testified that the meeting at which the contract was allegedly entered into never took place, the trial court erred in finding that a valid contract existed. We do not agree. The credibility of witnesses and the weight accorded to their testimony are matters for determination by the trier of fact. (*Osten v. Shah* (1982), 104 Ill. App. 3d 784, 433 N.E.2d 294.)[2] Findings of a trial court will not be disturbed unless against the manifest weight of the evidence. (*Kleidon v. City of Hickory Hills* (1983), 120 Ill. App. 3d 1043, 458 N.E.2d 931.) "On appeal the court must take questions of testimonial credibility as resolved in favor of the prevailing party, and must draw from the evidence all reasonable inferences in support of

---

[1] It has been held that the Mechanics' Liens Act does not distinguish between oral and written contracts and that the rights to a lien under either are the same. *Interstate Contracting & Supply Co. v. Belleville Savings Bank* (1915), 197 Ill. App. 30; *Stepina v. Conklin Lumber Co.* (1907), 134 Ill. App. 173.

[2] We observe that defendants failed to provide a transcript of the testimony of plaintiff's witnesses, instead substituting an exceedingly terse agreed statement of facts for this testimony.

the judgment. [Citation.] Thus, a judgment is not against the manifest weight of the evidence merely because 'there is sufficient evidence to support a contrary judgment.' [Citation.]" *Chicago Title & Trust Co. v. First Arlington National Bank* (1983), 118 Ill. App. 3d 401, 410, 454 N.E.2d 723.

Applying these principles to the present case, we conclude that the trial court's finding that the parties entered into a valid oral contract is not against the manifest weight of the evidence.

Defendants' final argument is that the trial court erred in ruling that "any alleged defects in plaintiff's Notice and Claim for Lien are moot in point of law in view of the fact that the Illinois Mechanic's Lien Act does not mandate the presentation of such a Notice and Claim for Lien from the contractor to the owner of the real estate in question." The court ruled that the Act requires only that a contractor file his action within two years of the completion of the work or the supplying of materials, and that plaintiff had timely filed this action approximately one year after completion of its work.

While neither the record, nor defendants' contentions, are crystal clear, it appears that plaintiff's form "notice and claim for lien" was completed with some factual errors, was not served on at least one of the defendant "owners" and was not recorded. Defendants seemingly argue that a properly completed, served and recorded "notice" is a condition precedent to plaintiff's filing of this lawsuit. We do not agree.

Section 7 of the Mechanics' Liens Act (Ill. Rev. Stat. 1979, ch. 82, par. 7) states in relevant part:

> "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or encumbrancer or purchaser, unless within 4 months after completion ***, he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of deeds ***, a claim for lien, ***."

Section 9 of the Act provides, in part:

> "If payment shall not be made to the contractor having a lien by virtue of this act ***, then such contractor may bring suit to enforce his lien ***. Such suit shall be commenced *** within two years after the completion of the contract, ***."

Section 7 of the Act requires a contractor to file a suit, or to record a lien claim within four months after completion of the work so as to give *third* parties dealing with the property notice of the existence, nature and character of the lien. (*Federal Savings & Loan Insurance Corp. v. American National Bank & Trust Co.* (1983), 115 Ill. App.

3d 426, 450 N.E.2d 820.) Failure of the contractor to act within four months will preclude the contractor from enforcing his lien against, or to the prejudice, of any other creditor, encumbrancer or purchaser. In the event the contractor fails to comply with section 7 of the Act, the lien may not be enforceable against such third parties, but may nonetheless be enforced against the original owner. See *F. E. Schoenberg Manufacturing Co. v. Broadway Central Hotel Corp.* (1930), 259 Ill. App. 40.

When, as here, the contractor timely files his lawsuit against the owner, and is not attempting to enforce his lien against any third parties, the contractor is not required by the statute to record a claim for lien.

> "As against creditors, etc., section 7 does not require the contractor to file a statement of claim before he brings suit. When the purpose of the section is kept in mind, there would seem to be no good reason why a contractor should be required to file a statement of claim before bringing suit to enforce his lien against the owner only. Appellant's interpretation of the section would require the contractor to perform a useless act." *Smith v. McLaughlin* (1914), 189 Ill. App. 529, 533.

We conclude that the contractor's timely filing of this action against the owner was all that was required; the filing of a valid notice and claim for lien was not a condition precedent to plaintiff bringing this action.

For the reasons herein stated, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.