**In re CUTTY'S–GURNEE, INC., Debtor.**

**GREAT AMERICAN INSURANCE CO., Plaintiff,**

v.

**Kenneth J. BAILEY, Cristel Bailey, et al., Defendants.**

**Bankruptcy Nos. 88 B 14750, 89 A 1100.**

United States Bankruptcy Court, N.D. Illinois.

March 15, 1991.

Reuben A. Bernick, Rudnick & Wolfe, Chicago, Ill., for plaintiff.

Lawrence C. Jaynes Assoc., Hoffman Estates, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on Plaintiff Great American Insurance Company's complaint to determine the validity, priority and extent of a mechanic's lien claimed by Defendant F.D. Masonry, Incorporated. Great American Insurance Company is a secured creditor of debtor, Cutty's–Gurnee, Inc., claiming an interest in the property which is the subject of the mechanic's lien.

This is a core proceeding over which the Court has jurisdiction pursuant to Title 28 U.S.C. § 157(b)(2)(K) and § 1334. The Court, having reviewed the submissions of the parties including the Stipulated Findings of Fact, hereby finds that Defendant F.D. Masonry has a secured claim and a valid lien on the property which is junior to all other properly perfected secured claims against this property. The following constitutes the Court's Findings of Fact and Conclusions of Law, pursuant to Bankruptcy Rule 7052.

### FACTS

Great American Insurance Company, ("Great American"), and F.D. Masonry, Inc., have stipulated to certain facts as set forth in the Stipulation filed December 10, 1990. A copy of this Stipulation marked Exhibit A is attached hereto and is hereby made a part of this Order.

### DISCUSSION

Under Illinois law, mechanic's liens are governed by the Illinois Mechanics Lien Act, Ill.Rev.Stat. ch. 82, para. 1 *et seq.* (1987). The mechanic's lien attaches as of the date of the underlying contract. *Id.* at para. 1. If the lien is perfected within the requisite time period, it relates back to the time of attachment and the original contract. *In re Saberman,* 3 B.R. 316 (Bankr. N.D.Ill.1980). Perfection and enforcement of the lien are governed by paragraphs 7 and 9 of the Act. Paragraph 7 of the Act states in relevant part:

No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or encumbrancer or purchaser, unless within 4 months after completion ... he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien ... Such claim for lien may be filed at any time ... and as to the owner may be filed at any time after the contract is made and within 2 years after completion of the contract

....

*Id.* at para. 7.

Paragraph 9 provides that a contractor must bring suit to enforce his lien within two years after completion of the contract. *Id.* at para. 9. Filing a claim for lien is not a necessary prerequisite to bringing an action to enforce the lien. *Apollo Heating and Air Conditioning Corporation v. American National Bank and Trust Company,* 135 Ill.App.3d 976, 980, 90 Ill. Dec. 711, 714, 482 N.E.2d 690, 693 (1st Dist.1985). Thus, if a claim for lien or suit to enforce the lien is not filed within four months after performance is completed, the lien will no longer prevail against a third party creditor, encumbrancer or purchaser. However, if a claim for lien or suit is filed after four months but before the expiration of the two years following the completion of performance, the lien will prevail against the original owner.

■ Applying the statute to the present facts, F.D. Masonry has a lien which is enforceable only against the debtor and not against other secured creditors. Having completed the masonry work on July 18, 1987, F.D. Masonry had only until November 18, 1987, to perfect its lien against third parties. It also had until July 18, 1989, to enforce the lien against the original owner, debtor Cutty's–Gurnee. The debtor filed its bankruptcy petition subsequent to November 1987 but prior to July 1989. At the time the bankruptcy petition was filed, state law had already extinguished F.D. Masonry's right to perfect its lien, making it unenforceable against other creditors of the property. However, F.D. Masonry's lien was still enforceable against the debtor.

■ It is necessary to consider what impact the Bankruptcy Code has upon F.D. Masonry's state law rights. Section 362(a)(4) of the Bankruptcy Code provides that the filing of a petition for bankruptcy stays "any act to create, perfect or enforce any lien against property of the estate." Consequently, once the petition had been filed by Cutty's–Gurnee, F.D. Masonry was precluded by the automatic stay from taking any action against the debtor to enforce its state law remedies.

In conjunction with the automatic stay, § 108(c) of the Bankruptcy Code operates to preserve such state law rights in certain situations. Section 108(c) states in part:

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of filing of the petition, then such period does not expire until the later of

. . . . .

(2) 30 days after notice of the termination or expiration of the stay under Section 362, 922, or 1301 of this title

....

11 U.S.C. § 108(c).

The Illinois Supreme Court specifically considered the applicability of § 108(c) to the time limitation set forth in paragraph 9 of the Mechanics Lien Act. *Garbe Iron Works, Inc. v. Priester,* 99 Ill.2d 84, 75 Ill.Dec. 428, 457 N.E.2d 422 (1983). The *Garbe* Court held that pursuant to § 108(c), the two year statute of limitations set forth in paragraph 9 of the Mechanics Lien Act is tolled for the period when a creditor is prohibited from acting due to the Bankruptcy Code's automatic stay provision. *Id.* at 87, 75 Ill.Dec. at 430, 457 N.E.2d at 424. The parties recognize this and have so stipulated. Stipulation, para. 15. Therefore, F.D. Masonry's two-year period for bringing suit was tolled at the time the

automatic stay took effect. Its mechanic's lien, valid and enforceable against the debtor at the time the bankruptcy petition was filed, remains valid and enforceable against the debtor and unsecured creditors. The lien holds last priority among the secured creditors of the property, but it is still effective.

■ Great American argues that since F.D. Masonry's lien is not enforceable under state law against a bona fide purchaser, it is thus avoidable by the trustee and is not entitled to secured status. Under § 545(2) the trustee may avoid the fixing of a statutory lien on property of the debtor if the lien is unenforceable against a bona fide purchaser on the date the bankruptcy petition is filed. Since F.D. Masonry had not perfected its lien within the four month period required by paragraph 7 of the Mechanics Lien Act, Ill.Rev.Stat. ch. 82, para. 7 (1987), prior to the filing of the debtor's petition, it was not enforceable against a bona fide purchaser under state law. Great American contends that the lien is thus avoidable by the trustee and therefore must automatically be given the status of an unsecured claim.

The language of § 545 setting forth the trustee's avoidance power is discretionary rather than mandatory. Section 545 provides that a trustee "may avoid" the fixing of a statutory lien on property of the debtor. If the trustee does choose to avoid a lien he must follow the proper procedure for initiating adversary proceedings. *Saline State Bank v. Mahloch*, 834 F.2d 690, 695 (8th Cir.1987); *In re Commercial Finance Corporation*, 761 F.2d 1329, 1338 (9th Cir.1985). Thus, even though F.D. Masonry's lien would not be enforceable against a bona fide purchaser, it is voidable, rather than void. The trustee in this case has not filed an adversary action seeking to avoid F.D. Masonry's lien. The question then is whether a creditor may invoke the trustee's avoiding powers.

■ The Bankruptcy Code does not give avoidance powers to creditors, nor have the courts generally allowed creditors to invoke such power. Case law supports the conclusion that it is only the trustee or the debtor-in-possession who may exercise this power. *Saline State Bank v. Mahloch*, 834 F.2d 690 (8th Cir.1987); *In re Maxted*, 107 B.R. 289 (Bankr.D.Mont.1988); *Boyd v. Martin Exploration Co.*, 56 B.R. 776 (E.D.La.1986).

In *Saline*, a mortgagee filed an application with the Bankruptcy Court to sequester rents and profits arising from the debtor's property. A second creditor argued that the security agreement affecting rents and profits did not give rise to a lien until the mortgagee had perfected that interest by complying with applicable state law. The complaining creditor sought to avoid perfection of the lien under § 544 of the Bankruptcy Code. The Court held that the complaining creditor did not have standing to invoke § 544, explaining that to allow a single creditor to bring an avoidance action would inevitably result in various motions and cross claims, creating needless confusion and inconvenience for all involved. *Saline State Bank v. Mahloch*, 834 F.2d 690 (8th Cir.1987), citing *In re Carbide Cutoff Inc.*, 703 F.2d 259, 264 (7th Cir.1983) and *Gochenour v. Cleveland Terminals Building Company*, 118 F.2d 89, 95 (6th Cir.1941). Accordingly, absent action by the trustee, F.D. Masonry's lien is not avoided and it retains its status as a secured claim with last priority.

F.D. Masonry has established that under state law its mechanic's lien has attached to and is enforceable against certain property of the debtor. F.D. Masonry has not taken the steps necessary to gain priority over others who also have an interest in the same property of the debtor. However, due to the tolling of the time limitation to perfect the lien against the original owner which is set forth in paragraph 9 of the Mechanic's Lien Act, F.D. Masonry's interest has not been entirely eliminated. Rather, it remains enforceable against the original owner and unsecured creditors. This conclusion is inherent in the plain language of the Mechanic's Lien Act, which states that unperfected liens are not enforceable against any other creditor, or encumbrancer or purchaser. Ill.Rev.Stat. ch. 82, para. 7 (1987). This language clearly

refers to creditors, encumbrancers and purchasers of the specific property, and not unsecured creditors at large. *Schaeffer v. Weed*, 8 Ill. 511, 518 (1846) (interpreting the prior Illinois Liens statute). Thus, the lien remains and F.D. Masonry is a secured creditor junior to all other secured claims allowed against the property. Although under bankruptcy law the lien may be avoided for the benefit of the estate, the trustee has taken no such action.

Therefore, it is Ordered that F.D. Masonry's mechanic lien be allowed as a secured claim which is junior to all other properly perfected interests secured by the same property.

EXHIBIT A

In the United States Bankruptcy Court
For the Northern District of
Illinois Eastern Division

IN re:

CUTTY'S–GURNEE, INC., Debtor

GREAT AMERICAN INSURANCE
CO., Plaintiff

v.

KENNETH J. BAILEY, CHRISTEL
BAILEY, et al., Defendants

Chapter 7 Proceedings

88 B 14750

89 A 1100

Judge Katz

STIPULATED FINDINGS OF FACT BETWEEN F.D. MASONRY, INC. AND GREAT AMERICAN INSURANCE COMPANY

TO: Rudnick & Wolfe
    203 North LaSalle Street
    Chicago, Illinois 60603
    Attn.: John Kallman

Now comes, F.D. Masonry, Inc., by its attorneys, Lawrence C. Jaynes & Associates, and Great American Insurance Company, by its attorneys, Rudnick & Wolfe, state that the following are the Findings of Fact pertaining to the claim of F.D. Masonry, Inc. in the above-captioned matter to which F.D. Masonry, Inc. and Great American Insurance Company stipulate:

1. A contract dated April 21, 1987 was entered between F.D. Masonry, Inc. and Debtor, Cutty's Gurnee a/k/a Spruce Lake Resort, Inc., for the masonry work on a certain recreational building which is owned by Debtor and located at 17557 Grand Avenue, Gurnee, Illinois.

2. F.D. Masonry, Inc. and Debtor agreed to certain changes to the contract as reflected in Change Order #1 dated May 7, 1987 for $1,045.00.

3. F.D. Masonry, Inc. and Debtor agreed to certain changes to the contract as reflected in Change Order #2 dated May 14, 1987 for $72.16.

4. F.D. Masonry, Inc. and Debtor agreed to certain changes to the contract as reflected in Change Order #3 dated September 14, 1987 for $475.00.

5. F.D. Masonry, Inc. and Debtor agreed to certain changes to the contract as reflected in Change Order #4 dated September 15, 1987 for $4,731.00.

6. F.D. Masonry, Inc. performed all work pursuant to said contract and change orders in a satisfactory manner.

7. Debtor paid F.D. Masonry, Inc. $30,000.00 as a partial payment for the work performed pursuant to said contract and change orders.

8. The balance due and unpaid to F.D. Masonry, Inc. is $27,760.16.

9. F.D. Masonry, Inc. is a general contractor with respect to Debtor.

10. F.D. Masonry, Inc. finished its work on said project on July 18, 1987.

11. The time period for F.D. Masonry, Inc. to file a lawsuit to perfect and foreclose on its mechanic lien extended to July 18, 1989, two years from the last date of work by F.D. Masonry, Inc. § 9, Ch. 82, *Ill.Rev.Stat.*

12. Debtor filed bankruptcy on September 23, 1988.

13. F.D. Masonry, Inc. never filed any claim or notice of claim of mechanic lien with the Recorder of Deeds of Lake Coun-

ty, Illinois nor served any claim or notice of claim upon Debtor.

14. F.D. Masonry, Inc. was prohibited from perfecting and filing a lawsuit to foreclose on its mechanic lien as of September 23, 1988 due to the automatic stay of the Debtor's bankruptcy. *§ 108, title 11, U.S.C.*

15. The time period for F.D. Masonry, Inc. to perfect and file a lawsuit to foreclose on its mechanic lien has been extended during the pendancy of the Debtor's bankruptcy. *Garbe Iron Works, Inc. v. Preister* (1983) 99 Ill.2d 84, 457 N.E.2d 422.

Both sides to this controversy rest and close proofs. The court will schedule briefs on both sides.

RUDNICK & WOLFE by /s/ John Kallman

LAWRENCE C. JAYNES & ASSOCIATES by /s/ Lawrence C. Jaynes