2025 IL App (1st) 232007-U

SIXTH DIVISION
June 20, 2025

No. 1-23-2007

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| BULLETPROOF PLUMBING CORP, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 20 CH 1724 |
| | ) | |
| THOMAS OLHSON, *et al.*, | ) | The Honorable |
| | ) | Lewis Nixon, |
| Defendants-Appellees and Cross-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1     Held:   The circuit court erred in granting defendants-owners' motion for judgment on the pleadings on plaintiff-subcontractor's claim to foreclose on its lien. Because plaintiff ultimately sought to foreclose its lien only against defendants-owners and no third party had an interest in the property, plaintiff-subcontractor simply had to bring suit within two years of its last date of work, which it did. Any alleged deficiency in its recorded lien had no effect on its lien foreclosure claim against defendants-owners.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiffs Bulletproof Plumbing Corp. (Bulletproof) and James D'Amico (D'Amico), doing business as Custom Cut Construction, were subcontractors on a construction project for a residential property owned by Thomas and Paula Ohlson (Ohlsons). Bulletproof and D'Amico

were not paid for their work and filed this action to foreclose on their mechanic's liens and for other relief. The circuit court entered judgment on the pleadings against Bulletproof on its lien foreclosure claim against the Ohlsons, and denied the Ohlsons's motion for judgment on the pleadings on D'Amico's lien foreclosure claim. Both orders have been appealed. We reverse the judgment against Bulletproof and dismiss the Ohlsons's cross-appeal of the order denying their motion for judgment on the pleadings on D'Amico's lien foreclosure claim for lack of jurisdiction.

¶ 4     The complaint alleges that the Ohlsons hired general contractor 4TGC, LLC (4TGC) on or before July 2018 to extensively remodel their home in LaGrange, Illinois. 4TGC and Bulletproof entered into a verbal contract for Bulletproof to perform plumbing work. Bulletproof was to be paid based on the number of hours worked and the value of the materials used. Bulletproof worked on the project until November 18, 2018, when it substantially completed the rough plumbing work, and asserted that it was owed $32,265 for its services. 4TGC and D'Amico, doing business as Custom Cut Construction, also entered into a subcontract for D'Amico to provide carpentry services for the remodeling project. D'Amico substantially completed his work on January 22, 2019, and claimed he was owed $19,424 for his work.

¶ 5     On January 25, 2019, Bulletproof learned that the Ohlsons had terminated their relationship with 4TGC. Bulletproof had not been paid for its work so on February 8, 2019, it provided notice of its lien claim to the Ohlsons and to J.P. Morgan Chase Bank (Chase), which at the time held a mortgage on the Ohlsons's property. On April 2, 2019, Bulletproof recorded its notice and lien claim with the Cook County Recorder of Deeds. The lien claim did not include the November 18, 2018, work completion date but did state that 4TGC entered into a contract for the construction project with Bulletproof on or about July 31, 2018. D'Amico filed and recorded his lien claim with

the Cook County Recorder of Deeds on February 11, 2019. D'Amico's lien claim included the January 22, 2019, date on which he had substantially completed work under his subcontract.

¶ 6    On February 11, 2020, Bulletproof and D'Amico filed a complaint against the Ohlsons and Chase to foreclose on their liens under the Mechanics Lien Act (770 ILCS 60/1 (West 2020) (Act)) for breach of contract, and for relief under the equitable doctrine of *quantum meruit.* On March 24, 2020, Chase moved to dismiss the complaint against it. It argued that because it had released its mortgage on the Ohlsons's property in January 2020, before the complaint was even filed, it "no longer ha[d] an interest in the subject property," and was "no longer a necessary party to this action and should be dismissed." A stipulation and agreement between Chase, Bulletproof, and D'Amico was filed in circuit court in May 2020. It noted that Chase was initially "included as a defendant by virtue of its [m]ortgage [on the Ohlson's property]" but stated that because the mortgage was released on January 10, 2020, before suit was filed, the parties agreed to dismiss Chase from the suit. On July 22, 2021, after it failed to appear and respond, the circuit court entered judgment against 4TGC.

¶ 7    On February 8, 2022, Bulletproof and D'Amico filed an amended complaint. The Ohlsons filed a motion for judgment on the pleadings under section 2-615(e) of the Civil Practice Law (735 ILCS 5/2-615(e) (West 2022)), arguing, *inter alia*, that Bulletproof's and D'Amico's recorded liens were invalid because they did not indicate their last date of work. Bulletproof and D'Amico argued in response that because no third-party purchasers or incumbrancers were involved in this case, no work completion date was required. On April 21, 2022, the circuit court entered judgment on the pleadings against Bulletproof and D'Amico on their lien foreclosure claims under counts I and IV of the amended complaint, respectively. It found that their claims were defective because their recorded liens failed to include their work completion dates. Bulletproof and D'Amico moved

the court to reconsider, stating that "[d]iligent research has disclosed no case holding that a section 7 recorded lien is required to enforce a claimant's rights under the Act solely against the owner." They argued that section 7's requirements apply only when a claimant seeks to enforce the lien to the prejudice of a third-party lender or purchaser, whereas a claimant's lien is "perfected" as to an owner as long as it is filed within two years after the lien claimant's work is completed. In addition, D'Amico noted that the court "apparently overlooked" the fact that his recorded lien did include his last day of work, January 22, 2019.

¶ 8    On September 28, 2023, the circuit court acknowledged that D'Amico's recorded lien did state the date his work was substantially completed and therefore reinstated his lien foreclosure claim. However, it confirmed its earlier decision that Bulletproof's claim was barred because its recorded lien did not recite the date it last performed work on the project. In rejecting Bulletproof's claim under the Act, the circuit court focused on the words "or" and "prejudice" in the phrase "[n]o contractor shall be allowed to enforce such a lien against *or* to the *prejudice* of any other creditor, incumbrancer or purchaser, unless within 4 months after completion *** [they] bring an action to enforce *** or file in the office of the recorder ***a claim for lien[.]" The court found that as long as a creditor, incumbrancer, or purchaser may be prejudiced by a failure to comply with the four-month deadline to file a lien claim or record a lien with the county recorder of deeds, the claim would fail as to the owner also. Accordingly, the court barred Bulletproof's claim to foreclose its lien but allowed D'Amico's claim to foreclose its lien to proceed.

¶ 9    Bulletproof timely appealed the dismissal of its lien foreclosure claim. The Ohlsons then cross-appealed the denial of their motion for judgment on the pleadings on D'Amico's lien foreclosure claim.

¶ 10                                    II. ANALYSIS

¶ 11     Before we address the merits, we must first determine if we have jurisdiction to consider Bulletproof's appeal and the Ohlsons's cross-appeal. The Ohlsons dispute the court's jurisdiction to consider Bulletproof's appeal, but Bulletproof does not dispute our jurisdiction to consider the Ohlsons's cross-appeal. Regardless, we have an independent duty to ascertain our jurisdiction and do so *de novo. Mayle v. Urban Realty Works, LLC*, 2020 IL App (1st) 191018, ¶ 36.

¶ 12     Illinois Supreme Court Rule 304(a) states:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just *reason* for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party." Ill. Sup. R. 304(a) (eff. March 8, 2016) (emphasis added).

Bulletproof appeals an order that resolved only one count of its four-count complaint. However, in its order disposing of Bulletproof's motion to reconsider, the circuit court stated: "[t]here is no just *delay* for delaying either enforcement or appeal or both." (Emphasis added.) Though not an accurate recitation of the special finding language in Rule 304(a), the circuit court's statement suffices to show that it intended to permit an immediate appeal of its order dismissing Bulletproof's mechanic's lien claim. *See Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 543 (2011) ("Our supreme court does not require that a circuit court parrot Rule 304(a) exactly in order to invoke it."). Therefore, we have jurisdiction to consider Bulletproof's appeal.

¶ 13     Relying on *Carle Foundation v. Cunningham Township,* 2017 IL 120427, the Ohlsons nevertheless argue that the Rule 304(a) special finding was not proper here because orders

disposing only of separate issues relating to the same claim are not immediately appealable. In *Carle Foundation,* our supreme court explained that in the context of Rule 304(a), distinct claims are appealable, but ancillary claims are not. *Id.* ¶ 18. For example, in domestic relations cases, the resolution of a child custody matter is ancillary to a dissolution of marriage action; however, a declaratory judgment claim to determine whether a prenuptial agreement is valid constitutes a distinct cause of action from a dissolution of marriage action. *Id.* ¶¶ 16-17. Here, Bulletproof's lien foreclosure claim under the Act is distinct from its claims for breach of contract and *quantum meruit*. Therefore, the circuit court's Rule 304(a) finding was proper here. See *Father & s Home Improvement II, Inc. v. Stuart*, 2016 IL App (1st) 143666, ¶¶ 15, 21-22 (Rule 304(a) language renders an order granting summary judgment on a mechanic's lien claim appealable when claims for breach of contract, unjust enrichment, and *quantum meruit* remain pending). We have jurisdiction to consider Bulletproof's appeal.

¶ 14    The Ohlsons's cross-appeal, however, is not within our jurisdiction. The Ohlsons cross-appeal an order denying their motion for judgment on the pleadings on D'Amico's mechanic's lien foreclosure claim. However, the denial of a motion for judgment on the pleadings is an interlocutory order that is not appealable despite a Rule 304(a) finding. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24 ("The special finding contemplated by [Rule 304(a)] will make a final order appealable, but it can have no effect on a nonfinal order."); *Johnson v. Armstrong*, 2022 IL 127942, ¶ 20 (Rule 304(a) language does not affect or confer appellate jurisdiction over a nonfinal order); *U.S. Air, Inc. v. Prestige Tours, Inc.*, 159 Ill. App. 3d 150, 154 (1987) ("Just like a jackass, it does not become a zebra by painting stripes on it."). Because the trial judge's order denying the Ohlsons's motion for judgment on the pleadings was not a final order, Rule 304(a) does not confer

jurisdiction on us to review it. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 341 Ill. App. 3d 438, 441 (2003). The Ohlsons's cross-appeal is therefore dismissed.

¶ 15    Turning to the merits of Bulletproof's appeal, we review a judgment on the pleadings under section 2-615(e) of the Civil Practice Law *de novo*. *Bennett v. Chicago Title and Trust Co.*, 404 Ill. App. 3d 1088, 1094 (2010). At issue is whether section 7 of the Act (770 ILCS 60/7) bars Bulletproof's lien foreclosure claim where Bulletproof's recorded lien did not state its last date of work on the Ohlsons's home. Section 7 states in relevant part:

> "(a) No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion, * * *, he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee, which shall consist of a brief statement of the claimant's contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same. Such claim for lien may be filed at any time after the claimant's contract is made, and as to the owner may be filed at any time after the contract is made and within 2 years after the completion of the contract, * * *, and as to such owner may be amended at any time before the final judgment." 770 ILCS 60/7(a) (West 2020).

¶ 16    We review questions of statutory interpretation *de novo*. *Pederson and Houpt, P.C. v. Main Street Village West, Part 1, LLC*, 2012 IL App (1st) 112971, ¶ 15. We must view the statute as a whole, construing words and phrases in light of other relevant provisions and not in isolation. *State*

*ex. Rel. Leibowitz v. Family Vision Care,* LLC, 2020 IL 124754, ¶ 35. Each word, clause, and sentence must be given a reasonable meaning and should not be rendered superfluous. *Id.*

¶ 17    There is a split in our court regarding whether section 7 requires a contractor to state its last date of work in its lien filed with the recorder of deeds when bringing a claim to foreclose a lien against a third-party creditor, incumbrancer, or purchaser. Compare *Merchants Environmental Industries, Inc. v. SLT Realty Limited Partnership*, 314 Ill. App. 3d 848, 869 (2000) ("While section 7 itself does not expressly require inclusion of the completion date in the lien claim, nevertheless that requirement must be inferred. One of the primary purposes of that section's four-month requirement is that third parties be enabled to learn *from the claim* whether it is enforceable. Without a completion date, a person examining the lien claim would not know whether the four-month filing requirement had been met.") (emphasis in original) with *National City Mortgage v. Bergman*, 405 Ill. App. 3d 102, 108, 112 (2010) (finding "nothing in section 7 requiring a claimant to state the date of the completion of the contract" and holding that a contractor's failure to show a contract completion date on the face of its lien claim did not render the lien claim unenforceable against another incumbrancer). This split, however, relates only to cases where a contractor seeks to enforce a lien against or to the prejudice of a third-party creditor, incumbrancer or purchaser, and does not apply when a contractor seeks to enforce a lien solely against the owner. See *Merchants*, 314 Ill. App. 3d at 868, n. 5 (the argument that a lien claim is unenforceable if it does not contain a completion date "has viability only to third parties *** because section 7 *** applies only to third parties"). As we explain below, this is an action against the owner only; therefore, we have no occasion to enter the fray over whether a contractor's recorded lien must state the last date of work when he seeks to enforce a lien against or to the prejudice of a third-party creditor.

¶ 18    A mechanic's lien attaches as of the date of the contract, but the lien is unenforceable against third parties unless the contractor complies with section 7 of the Act. *First Federal Savings & Loan Association of Chicago v. Connelly*, 97 Ill. 2d 242, 245 (1983). When Bulletproof originally brought this action to foreclose its mechanic's lien in February 2020, it filed suit against the Ohlsons and Chase, because it believed Chase still held a mortgage on the Ohlsons's property. However, Chase released its mortgage lien on the Ohlson's property in January 2020, at which point it no longer had an interest in the property, so the parties agreed to dismiss it from the case by stipulation. The Ohlsons nevertheless argue that Bulletproof's lien is invalid because Chase was a lienholder at the time Bulletproof recorded its lien, in April of 2019. The Ohlsons's focus on the recorded lien is misguided.

¶ 19    A recorded lien is not a prerequisite to an action to enforce a mechanic's lien against an owner. See *Smith v. McLaughlin*, 189 Ill. App. 529, 533 (1910) ("As against creditors, etc., section 7 does not require the contractor to file a statement of claim before he brings suit [against an owner]. When the purpose of the section is kept in mind, there would seem to be no good reason why a contractor should be required to file a statement of claim before bringing suit to enforce his claim against the owner only" and any other "interpretation of the section would require the contractor to perform a useless act"); *Apollo Heating and Air Conditioning Corporation v. American National Bank and Trust Co*., 135 Ill. App. 3d 976, 980 (1985) (holding that when a contractor "timely files his lawsuit against the owners, and is not attempting to enforce his lien against any third parties, the contractor is not required by the statute to record a claim for lien"). To enforce its lien against the Ohlsons, Bulletproof could record it with the recorder of deeds. 770 ILCS 60/7(a) ("Such claim for lien may be filed at any time after the claimant's contract is made, and as to the owner may be filed at any time after the contract is made and within 2 years after the

completion of the contract * * * "). Alternatively, Bulletproof could enforce its lien by bringing suit within two years of its last date of work. See 770 ILCS 60/9 (West 2020) ("Such suit shall be commenced or counterclaim filed within two years after the completion of the contract, * * * .").

¶ 20    Within that framework, we find the circuit court erred in granting the Ohlsons's motion for judgment on the pleadings on Bulletproof's claim to foreclose its mechanic's lien against the Ohlsons. The only third-party lienholder identified by the circuit court and the Ohlsons in their brief before this Court is Chase, and the circuit court determined that because Chase was once a creditor, a third party's interest was implicated and Bulletproof was therefore required to state its last day of work in its recorded lien. But Chase had released its lien before the complaint was filed and was dismissed from the suit by stipulation. The circuit court did not consider that Bulletproof was not even required to record its lien as a prerequisite to bringing suit and that it needed only to file suit within the two-year limitation period established by section 9 of the Act, which it did. Because Bulletproof's action to foreclose its lien proceeded solely against the Ohlsons as owners, Bulletproof's failure to include its last day of work in its recorded lien does not affect the viability of its claim.

¶ 21    Our conclusion is in accord with our case law. In *Behl v. Gingerich*, 396 Ill. App. 3d 1078, 1093 (2009), the plaintiff contractor argued that the trial court erred when it found his mechanic's lien was unenforceable against the defendant homeowner because the lien was recorded more than four months after he substantially completed the work. He argued that section 7 of the Act "refers only to a limitation period relating to the contractor's lien as it relates to other creditors, not relating to the time within which a lawsuit against the homeowner may be filed." *Id*. This court agreed, reasoning that while section 7 requires a contractor to file suit or to record a lien claim within four months after completion of the work in order to enforce his lien against any other creditor, the lien

claim "may nonetheless be enforced against the original owner pursuant to section 9" of the Act, which states that a contractor has two years from completion of the contract to file a lawsuit to enforce his lien. *Id.* at 1094. The court reversed the dismissal of the plaintiff contractor's lien claim against the defendant owner and remanded for further proceedings. *Id.*

¶ 22    Likewise, in *Apollo Heating and Air Conditioning Corp. v. American Nat. Bank & Trust Co.*, 135 Ill. App. 3d 976, 980 (1985), this court held that "a valid notice and claim for lien is not a condition precedent" to file an action under the Act against an owner. There, the court found that while "[f]ailure of the contractor to act within four months will preclude the contractor from enforcing his lien against, or to the prejudice, of any other creditor, encumbrancer or purchaser []," the lien "may nonetheless be enforced against the original owner." *Id.* See also *Mutual Services, Inc. v. Ballantrae Development Company*, 159 Ill. App. 3d 549, 553 (1987) ("In the event the contractor fails to comply with Section 7 of the Act, the lien may not be enforceable against such third parties, but may nonetheless be enforced against the original owner").

¶ 23    Our conclusion is supported by case law addressing the difference in timing requirements to record a lien under section 7, which "evidences the secondary purpose of the Act, which is to protect the innocent from having their interests in real estate encumbered by liens of which they may be unaware and have no reasonable opportunity to ascertain or avoid." *Stafford-Smith, Inc. v. Intercontinental River East, LLC*, 378 Ill. App. 3d 236, 241 (2007). This "need for notice is 'less significant' when a contractor seeks to enforce a lien against a party with an ownership interest in the property." *Id.* Thus, while a mechanic's lien that is not perfected within four months of the completion of work will not be effective as to a third party, it will be effective as to an owner. See *In re Cutty's-Gurnee, Inc. v. Bailey*, 133 B.R. 929, 931 (Bankr. N.D. Ill. 1991) ("if a claim for lien or suit to enforce the lien is not filed within four months after performance is completed, the lien

will no longer prevail against a third party creditor, encumbrancer or purchaser. However, if a claim for lien or suit is filed after four months but before the expiration of the two years following the completion of performance, the lien will prevail against the original owner."); *In re Germansen Decorating, Inc. v. Addison Building Material Company*, 149 B.R. 522, 527-28 (Bankr. N.D. Ill. 1983) (discussing the "dramatic" difference between the four-month period to perfect a lien against intervening claimants and the two-year period to perfect a lien against owners). See also *Steiner v. Chicago Title and Trust. Co.*, 142 Ill. App. 3d 601, 605 (1986) (citing *Springer v. Kroeschell*, 161 Ill. 358, 367 (1896)) ("[W]here the interests of third parties will be affected, a stricter construction of the Mechanics' Lien Act will be adhered to than what is followed in cases arising between the mechanic or materialman and the original owner.").

¶ 24    Our decision is also consistent with the remedial purpose of the Act. *First Federal Savings & Loan Association,* 97 Ill. 2d at 246 (once the lien claimant has satisfied the statutory requirements, the Act should be "liberally construed to fulfill its remedial purpose," which is to protect, through imposition of an enforceable lien, a party who improves the value or condition of property by furnishing labor or materials). Bulletproof improved the value and condition of the Ohlsons's property and there is no reason, statutory or otherwise, to deprive it of its right to enforce its mechanic's lien against them in this case.

¶ 25                                III. CONCLUSION

¶ 26    The judgment of the circuit court against Bulletproof is reversed and the cause remanded for further proceedings consistent with this decision. The Ohlsons's cross-appeal is dismissed for lack of jurisdiction.

¶ 27    Reversed and remanded; cross-appeal dismissed.